T urner, J.
 

 Appellant assigns as grounds of claimed error:
 

 1. That- the affidavit upon which the warrant for the arrest of appellant was issued is defective and void for the reason that it does not state an offense.
 

 2. That the Court of Appeals erred in reversing the judgment of the Court of Common Pleas.
 

 3. That the provision of the ordinance under which appellant was prosecuted and convicted is unconstitutional.
 

 Taking up the claimed error in respect of the affidavit :
 

 It is the claim of appellant that inasmuch as the ordinance in question applied only'to buildings erected or altered after the enactment of the ordinance the affidavit should have shown that appellant’s building was erected or altered subsequent to the gnactment of the ordinance.
 

 If instead of an affidavit an indictment or information were involved here, appellant’s claim would be fully answered by the provisions of Section 13437-9, General Code, which provides:
 

 “No indictment or information for any offense created or defined by statute shall be deemed objectionable for the reason that it fails to negative any exception, excuse or. proviso contained in the statute creating or defining the offense. The fact that the charge’ is made shall be considered as an allegation that no
 
 *538
 
 legal excuse for the doing of the act exists in the particular case.” See, also, Section 13437-7, General Code.
 

 An affidavit, which is less formal, should not be held to require a greater definiteness than an indictment.
 

 The record fails to show any attack upon the affidavit prior to trial.
 

 As stated by Judge Wanamaker in
 
 State
 
 v.
 
 Marcinski,
 
 103 Ohio St., 613, 618, 134 N. E., 438:
 

 “The rule is well settled that affidavits charging minor offenses are not construed with the same degree of strictness as indictments charging major offenses. It is sufficient that the defendant be advised in all cases of ‘the nature and cause of the accusation against him. ’ ”
 

 Under Section 10, Article 1 of the Constitution of Ohio, it is provided: “In any trial, in any court, the party accused shall be allowed * * * to demand the nature and cause of the accusation against him, and to have a copy thereof * # *.”
 

 We are of the opinion that the affidavit in question apprised the defendant below of the nature and cause of the accusation against him and this is especially true in the absence of any complaint before trial of any defect in form or definiteness in the affidavit. Of course, the affidavit must charge substantially the commission of an offense.
 
 Montgomery
 
 v.
 
 State,
 
 7 Ohio St., 107; 21 Ohio Jurisprudence, 691, Section 13.
 

 Under Section 13422-1, General Code, a mayor of a municipal corporation is included within the term “magistrate.” Practice before such court is similar to that before a justice of the peace.
 

 Section 13432-18, General Code, provides:
 

 ‘ ‘ An affidavit in the form following shall be sufficient:
 

 “The State of Ohio,
 

 “ .................County, ss:
 

 “Before me, A. B., personally came C. D., whc being duly sworn according to law, deposes and says that on or about the........day of........at the coun
 
 *539
 
 ty of...................., one E. F. (here describe the offense committed as nearly according to the nature thereof as the case will admit, in ordinary and concise language.)
 

 “Sworn to and subscribed before me, this........ day of........, 19....
 

 “A. B.., Justice of the Peace.
 

 “ (or Judge) ”
 

 Section 4535, General Code, provides:
 

 “In villages, the mayor shall have final jurisdiction to hear and determine any prosecution for the violation of an ordinance of the corporation unless imprisonment is prescribed as part of the punishment, and in keeping his dockets and files, he shall be governed by the laws pertaining to justices of the peace.”
 

 We are, therefore, of the opinion that the. objection to the contents of the affidavit is not well taken.
 

 In appellant’s petition on appeal to the Court of Common Pleas it was alleged that the mayor’s judgment was not sustained by sufficient evidence and that judgment should have been for appellant.
 

 The zoning ordinance under which the prosecution was had is not contained in the record. However, it was the duty of the mayor to take judicial notice of the ordinance and where such duty rests upon the trial court the appellate courts will likewise take such judicial notice.
 
 Orose
 
 v.
 
 Hodge Drive-It-Yourself Co., Inc.,
 
 132 Ohio St., 607, 9 N. E. (2d), 671.
 

 The record is silent as to whether the building in question was erected before or after the enactment of the zoning ordinance. The bill of exceptions does disclose that
 
 at the time of the hearing on August 13,1942,
 
 appellant was enlarging the building under a building permit. We cannot glean from the record that the alterations were begun prior to the filing of the affidavit.
 

 As admitted by the village solicitor:
 

 “The.ordinance does not attempt to restrict occu
 
 *540
 
 pancy of buildings in existence on the date of its passage.”
 

 It is the contention of the village solicitor that it was appellant’s duty to have claimed and proved that his occupancy was within the protection of the preordinance status. With this latter claim we cannot agree.
 

 Notwithstanding what has been said above in respect of the contents or form of the affidavit, the burden of proving appellant’s violation of the ordinance rested upon the village and it was the duty of the prosecution to show that the building was erected after the enactment of the ordinance. The bill of exceptions contains the mayor’s certificate that it is a narrative statement of
 
 all
 
 the testimony offered at the trial.
 

 We are of the opinion that the Court of Appeals erred in reversing the judgment of the Court of Common Pleas and in remanding the cause to such court.
 

 As summarized in 16 Corpus Juris Secundum, 207, Section 94:
 

 “As a general rule, the constitutionality of a statute will be passed on only if, and to the extent that, it is directly and necessarily involved in a justiciable controversy and is essential to the protection of the rights of the parties concerned.”
 

 Several important facts have been discussed in the briefs for which there is no basis in the record. In view of the state of the record and the fact that a decision upon the constitutionality of the ordinance is not essential to the protection of the rights of the parties concerned, we pass the question of constitutionality.
 

 Therefore, the judgment of the Court of Appeals should be and hereby is reversed and final judgment rendered for defendant.
 

 Judgment reversed.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman, Bell and Williams, JJ., concur. .