CITY OF TOLEDO, APPELLEE, *v.* HAMMOND, APPELLANT.

(No. 4676—Decided February 5, 1953.)

Messrs. *Cobourn, Yager, Notnagel, Smith & Moran,* for appellee.

Mr. *Louis R. Young,* police prosecutor, and Mr. *Robert A. Burns,* for appellant.

CONN, J. Defendant was arrested on an affidavit filed in the Municipal Court of Toledo charging him with a violation of Section 21-6-8 of the Traffic Code of Toledo, which is in identical language with Section 6307-20, General Code, a section of the Traffic Code of Ohio, as codified and re-enacted in 1941.

The ordinance referred to in terms prohibits the "reckless operation of vehicles," and is as follows:

"Section 21-6-8. Reckless Operation of Vehicles. No person shall operate a vehicle, trackless trolley or street car without

due regard for the safety and rights of pedestrians and drivers and occupants of all other vehicles, trackless trolleys and street cars, and so as to endanger the life, limb or property of any person while in the lawful use of the streets or highways.''

Upon trial, the defendant was found guilty. From the judgment of conviction, defendant appeals to this court on questions of law and fact. Upon the submission of the cause, the appeal on questions of law and fact was dismissed *sua sponte* and the cause retained on questions of law.

Numerous errors of the trial court are assigned. However, the alleged errors discussed in the brief and oral argument, briefly stated, are:

1. The ordinance upon which the charge is grounded is too vague and indefinite to support the charge laid against defendant, and for conviction, and that rights guaranteed to defendant under the Constitution were violated.

2. On the evidence introduced, no offense was proved.

3. The court erred in its ruling as to admission of evidence.

Relative to the first assignment of error, we call attention to the well-known rule that a court does not consider and determine the constitutionality of an ordinance or statute unless the disposition of the case requires it to do so in order to secure the defendant in his legal rights. In other words, if there is another error assigned upon which the court can satisfactorily dispose of the case and rest its judgment, the alleged unconstitutionality of the act upon which the charge is predicated is regarded as immaterial. 8 Ohio Jurisprudence, 302, Section 199; *Village of Strongsville* v. *McPhee*, 142 Ohio St., 534, 53 N. E. (2d), 522.

The second assignment of error is grounded on the claim that the evidence wholly fails to sustain the charge laid against defendant. The evidence in support of the charge was brief and of little probative value. One witness was called by defendant, and counsel stipulated that if defendant and his wife were called to testify their testimony would corroborate the testimony of this witness.

The record discloses that the complaining witness and de-

fendant, at the time the charge was made, resided in adjoining properties on Ontario Street in Toledo; that on the afternoon of the day the alleged violation of the ordinance occurred, the complaining witness parked a Ford motor vehicle on the street in front of defendant's premises; that thereupon she went into the house where she lived and sat by the front window; that there was parking space at the time in front of the property where this witness lived; and that later in the same afternoon, defendant, accompanied by his wife and a guest, undertook to park his motor vehicle in front of his own property for the convenience of his passengers and to unload baggage, and in doing so pushed complainant's motor vehicle forward to provide adequate space.

The evidence shows further that complainant's vehicle was unoccupied at the time; that no violent force was directed against the vehicle of complainant and no damage inflicted. It may be inferred from the evidence that the front bumper of defendant's vehicle came in contact with the rear bumper of complainant's vehicle, and that the bumpers of these vehicles were of the kind commonly placed on the front and rear of motor vehicles and are so placed for the purpose of protecting these vehicles and absorbing the shock if and when contact is made.

It is knowledge common to every observing person that the bumper on a motor vehicle is designed to receive bumps, and the size and strength of bumpers and the purpose which they serve are well known, and are facts of which the court takes judicial notice. It is common knowledge also that the "parking problem" includes not only a place to park but the exacting task of maneuvering the vehicle in proximity with and parallel to the curb or side of the street. A like task arises when it is desired to move the vehicle from the parking space and into the flow of traffic.

The court takes judicial notice that the laborious task of placing a motor vehicle in a parking space at the curb or removing it therefrom very frequently brings bumpers into contact and that this is the common experience of all who operate motor vehicles. Under these circumstances, when such contact

is made and it is not of a violent character but is made with due regard for the legal rights of others, both in respect to person and property, no violation of the ordinance occurs and in our opinion a charge so made could not be sustained.

The evident purpose of the ordinance is to impose a duty on all persons using a public street to have due regard for the safety and legal rights of other persons thereon, and not to endanger the life, limb or property of any person in the lawful use of such street.

On the record before us, no person had been endangered in his life or limb and no property damaged. There is no evidence in the record of any violent or uncontrolled contact with complainant's motor vehicle. It is pertinent to note that the time and energy of the courts should not be employed to hear matters unworthy of serious consideration, and thus be diverted from their normal functions, nor should the courts be called upon to serve as a channel for the venting of personal spleen and ill-humor.

The charge laid in the affidavit is wholly unsupported by the evidence and no violation of the ordinance is shown. The conclusion reached makes it unnecessary to consider the remaining assignments of error.

On the record in this case, the defendant is entitled to be discharged, and it is so ordered.

*Judgment reversed and defendant discharged.*

FESS and SAVORD, JJ., concur.