CLEVELAND (CITY), PLAINTIFF-APPELLEE, *v.* CARIFO, DEFENDANT-APPELLANT.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26002.   Decided December 6, 1962.

*Mr. Bronis J. Klementowicz,* director of law, *Mr. Richard F. Matia,* police prosecutor, and *Mr. Edward V. Cain,* assistant police prosecutor, for plaintiff-appellee.
*Mr. Seymour H. Lesser,* for defendant-appellant.

(RADCLIFF, P. J., COLLIER and BROWN, JJ., of the Fourth District, sitting by designation in the Eighth District.)

418

BROWN, J. This is an appeal on questions of law from the judgment of the Cleveland Municipal Court finding appellant guilty of violation of Section 5.1112 of the Zoning Ordinances of the City of Cleveland and the denial of a motion for a new trial filed thereafter.

Although the notice of appeal asserts the same is on questions of law and fact, we will retain the same on questions of law, since in Ohio there are no common law crimes and an investigation into errors claimed on behalf of a defendant in criminal prosecutions constitutes a review on questions of law only. See Skeel's Ohio Appellate Law, para. 291, page 142.

Four assignments of error are asserted, but as we review the appeal, the sole question is whether there was sufficient evidence produced by the state to establish the guilt of the appellant beyond a reasonable doubt of the crime charged, namely that appellant was operating a non-conforming business in violation of the city ordinance.

The affidavit filed against appellant charged in substance that on or about the 28th day of March 1962, Robert Carifo, part owner of a certain building, did unlawfully use the rear half of said building for use and occupancy other than permitted in a General Retail Business District; to-wit, as a repair and paint shop and garage, contrary to Section 5.1112 of the codified Ordinances of the city of Cleveland.

The following pertinent evidence appears from the narrative bill of exceptions.

Two inspectors of the City of Cleveland Building Division testified they inspected the building property in question, at 15448 St. Clair Avenue, on March 28, 1961, which was in a retail business district. They found an automobile therein which was masked in the paint shop, and say a spray booth and a large open space, a torch, and an air compressor. One testified that this garage had been used as a body and fender shop for some time. Another inspector, Ward, testified as to a permit issued for the construction of this building in 1926. A Mr. De Fine testified that he had resided at 15440 St. Clair Avenue for 31

years and as long as he could remember there was a repair garage at 15448 St. Clair Avenue. Appellee then rested and moved for a directed verdict. Upon this motion being overruled, the defense produced two witnesses. One Gattozzi who testified his father constructed the garage at 15448 St. Clair Avenue in 1926, and that there was an automobile agency owned by a man named LaRiche in the front part of the premises and a garage was in the rear. He further testified the premises were always used as a garage. One De Marco testified he had owned a bakery directly east of appellant's premises which he opened in 1930; that the garage had been in existence long before he opened the bakery. No evidence was presented by appellee as to whether there was a service garage in existence on the premises before the year 1929. All of the evidence presented by appellant was that a garage was in existence on the premises as of the year 1926.

The Cleveland zoning ordinance became effective in 1929. Under it a "repair garage" is not one of the permitted uses in a General Retail Business District. Appellant acquired the premises in 1945.

Appellee contends there is no evidence that the garage located at 15448 St. Clair Avenue has been in continuous operation as a repair garage within the purview of the ordinance from a date prior to the effective date of the ordinance to the present time. Appellee admits there was evidence that there has been a garage at that location since 1926 prior to the passage of the ordinance, but contends there is no evidence that the occupants other than this appellant carried on as a repair garage at that location. The latter has so operated since 1945. Appellee further asserts that the only evidence offered to prove a "repair" garage was maintained at that location in violation of law was the evidence offered by appellee that showed a paint shop as well as a body and fender shop was carried on at that location in 1961.

Appellee, of course, contends that the garage in question before the enactment of the ordinance was a "service garage" (a repair garage accessory to an automobile sales room) and not a "repair garage" (where general repair is performed on motor vehicles).

One of the assigned errors is that the trial court erred in overruling the motion of appellant for a directed verdict of acquittal made at the close of the State's case.

While a copy of the zoning ordinance in question did not accompany this record on appeal, appellant in his brief sets forth the following portion thereof.

"City Ordinance 5.1132

"Existing non-conforming buildings and uses. (a) * * * a use of building or land lawfully existing on the effective date of this chapter or of any amendment or supplement thereto, or for which a permit has been lawfully issued, *may be continued* even though such use does not conform to the provisions of this chapter for the use district in which it is located * * *."

Since the evidence at the close of appellee's case discloses that the building in question was used as a garage prior to the enactment of the ordinance, we are of the opinion that the record does not disclose the quantum of proof necessary to support a conviction at the close of the prosecution's case.

Appellant raised the defense of a non-conforming use in existence at the time of the enactment of the ordinance which has continued to the present day. The State did not rebut this contention with sufficient evidence to show that the present use did not come within the exception granted to non-conforming use.

Syllabus 2 of *Village of Strongsville, Appellee,* v. *McPhee,* 142 Ohio St., 534, reads as follows:

"In the prosecution for the violation of an ordinance of a municipality, the burden rests upon the municipality to show that the defendant does not come within any exception contained in the ordinance describing the offense."

See also *State* v. *Price,* 164 Ohio St., 482, 58 Ohio Opinions, 325.

Since in our opinion, the state did not meet this burden, the judgment of the Municipal Court of Cleveland will be reversed, and appellant is ordered discharged.

Judgment reversed.

RADCLIFF, P. J., and COLLIER, J., concur.