LEHAN, Judge.
The trial court granted summary judgment to plaintiff-appellee, Jeff Mason, against one of the defendants, appellant International Insurance Company. We reverse.
This action arose out of an accident that occurred while plaintiff was putting his father’s 26-foot motorboat into the water. The boat was kept on davits on the father’s property. The boat was suspended from the davits by cables. On the day of the accident, plaintiff lowered the boat to the water from the davits. While the boat was still supported by the davits, one of the cables snapped, causing severe injuries to plaintiff’s head and face.
Plaintiff sued his father and two insurers of his father’s property. One of the defendants, appellee South Carolina Insurance Company, insured the father’s boat with a policy providing liability coverage for injuries arising out of the ownership, maintenance, and use of the boat. Appellant insured the father with a homeowner’s insurance policy. The homeowner’s policy excluded from coverage injuries arising out of the ownership, maintenance, use, loading or unloading of certain described watercraft, the description of which would include the boat involved in this accident. However, the homeowner’s policy also provided that the watercraft exclusion “does not apply while the watercraft is stored....”
Naturally a major issue in this case was whether the accident occurred while the boat was “stored,” which would mean that the watercraft exclusion in the homeowner’s policy would not apply, i.e., there would be homeowner’s coverage, or whether the accident happened during the use of the boat, which would mean that the exclusion in the homeowner’s policy would apply and that the coverage of the boat liability policy would be applicable. The trial court’s summary judgment against appellant implicitly (but not expressly) found that the accident occurred while the boat was stored. We disagree.
*380 We have been unable to find any Florida case which defines the term “stored” or “storage” in this context. Other jurisdictions which have considered the issue seem to have decided that “stored” or “storage” denotes a certain degree of permanency. For example, in Smith v. O’Brien, 46 Misc. 325, 94 N.Y.S. 673 (1905), the owner of an automobile kept his car at a commercial garage which was in the business of buying, selling, storing, and repairing automobiles. The garage kept the car for about seven months, during which time the vehicle’s owner periodically removed the car from the garage to use it. The New York court decided that the car was not stored, stating that the vehicle had been “continuously or occasionally upon the road at its owner’s pleasure.” Id. at 675. See also Williams v. Grier, 196 Ga. 327, 26 S.E.2d 698 (1943) (truck periodically parked on the street for one and one-half days is not stored); State v. Breidenbach, 5 Ohio App.2d 52, 213 N.E.2d 745 (1964) (“storage of automobiles indicates a certain degree of permanency ... ‘parking’ connotes transcience”).
In the present action, the element of permanency is lacking. The record shows that the boat was periodically removed from the davits and operated on the water and, in fact, that it had been so used on the day before the accident. The boat’s attachment to the davits was not permanent or long-term.
Because the boat was not stored at the time of the accident, the watercraft exclusion to the homeowner’s policy would apply and would relieve appellant from liability.
REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT HEREWITH.
OTT, C.J., and SCHEB, J., concur.