PER CURIAM.
In this appeal, appellant Nationwide Mutual Fire Insurance Company contests summary judgment entered by the trial court in favor of appellees Richard and Rosalie Nock for damages to their automobile under a homeowner’s insurance policy issued by appellant. We reverse and remand for further proceedings.
Appellees were insured under a homeowner’s insurance policy issued by appellant Nationwide. On or about April 13, 1988, a fire occurred, causing damage to appellees’ house and garage. Parked in the garage at the time of the fire was appellees’ 1940 customized Buick automobile which was damaged by the fire.[1] In the action below, appellees claimed that the Buick was inoperable, in storage, and thus covered under the homeowner’s insurance policy. Appellant averred, as an affirmative defense, that the automobile was not in “dead storage”[2] at the time of the fire; therefore, coverage was barred by virtue of a specific exclusion contained in the policy-
Appellees’ Buick had a special “street rod” tag, apparently making it legal to drive the vehicle on the road for purposes of parades, shows, and automobile club functions, and was covered by automobile liability insurance. Appellees considered the Buick to be in good running order at the time of the fire. Since the car’s restoration in April 1985, appellees had driven the Buick to about twenty-four car shows, many of which were out of town, and had taken the vehicle to a show in Covington, Louisiana, the weekend prior to the fire. The vehicle was sometimes driven to automobile club meetings, and was “very seldom” taken out for a pleasure drive. Ap-pellees also scheduled their vacations *703 around car shows, and twice drove the Buick to Delaware for vacation under such arrangements.
In granting summary judgment for ap-pellees, the trial court interpreted the term “dead storage” to mean “[sjtoring an automobile which is not intended to be in active ordinary use”. This definition of “dead storage” applied by the trial court is inadequate because it fails to connote the element of permanence generally recognized as a condition of dead storage. See, International Ins. Co. v. Mason, 442 So.2d 379 (Fla. 2d DCA1983); Noralyn O. Harlow, Annotation, Liability Insurance: When Is Vehicle in “Dead Storage”, 48 A.L.R.4th 591 (1986).
Genuine issues of material fact exist as to whether the Buick was in “dead storage” at the time of the fire. Appellee Richard Nock alleged in an affidavit that he intended to store the Buick in the garage for up to five months starting on April 11,1988, two days before the fire. In contrast, Rosalie Nock’s deposition indicated that the couple had planned to drive the Buick to Panama City for a car show.the weekend following the fire, and Richard Nock’s own deposition reveals uncertainty about whether or not they would have attended this Panama City show. Furthermore, although Richard Nock indicated in his deposition that he dropped automobile liability insurance on cars that he intended to store, there is record evidence indicating that the Buick remained covered by automobile liability insurance at the time of the fire. The record also indicates that although the battery cable in the Buick had been disconnected prior to the fire, allegedly for purposes of storage, the appellees also habitually disconnected the battery cable when they would bring the car home from a show. The Buick, however, was otherwise prepared for operation because it contained all the necessary fluids, including fuel. Appellees needed only to reconnect the battery cable to make the car operable. Therefore, it is unclear whether the car was actually in “dead storage” at the time of the fire.
We reverse the trial court’s order granting summary judgment in favor of appel-lees and remand for further proceedings consistent with this opinion.
REVERSED and REMANDED.
SHIVERS, MINER and ALLEN, JJ., concur.

. The parties stipulated to damages to the Buick in the amount of $14,766.57.

. The term "dead storage” is not defined in the insurance policy.