The STATE of Ohio, Appellee,

v.

McNULTY, Appellant.

[Cite as State v. McNulty (1996), 111 Ohio App.3d 828.]

Court of Appeals of Ohio,
Sixth District, Ottawa County.

No. OT–95–044.

Decided June 21, 1996.

*David Boldt,* for appellee.

*John F. Potts,* for appellant.

MELVIN L. RESNICK, Presiding Judge.

This case is before the court on appeal from a judgment of the Ottawa County Municipal Court. Appellant was charged with and convicted of violating Portage Township Zoning Resolution 801.01, a violation of R.C. 519.23. Appellant appeals her conviction and sets forth the following assignments of error:

"I. The evidence does not negate the existence of a valid preexisting nonconforming use and is therefore insufficient to constitute proof of the offense charged."

"II. It constituted error to convict appellant criminally while the zoning matter in question was under civil litigation which had not proceeded to final judgment."

The underlying facts of this case are undisputed. Appellant is the owner of real property in Portage Township, Ottawa County, Ohio. When appellant purchased the property, an accessory building, namely, a utility shed, was in the northeast corner of the property next to the garage. It was admitted at trial that at the time of the purchase, the utility shed was a preexisting nonconforming building, that is, it was erected prior to the 1989 effective date of the Portage Township Zoning Resolution.

Appellant subsequently moved the utility shed to a place twenty-nine inches from the main building on the property. On August 8, 1995, the Portage Township Building Inspector filed a criminal complaint alleging that appellant had violated Portage Township Zoning Regulation 801.01 by placing the utility shed less than five feet from the main building on her property.

During a trial to the bench, appellant raised Article 9, Portage Township Resolution (titled "non-conforming buildings and uses") to contend that the

prosecution was required to establish the distance between the utility shed and the main building prior to the move. She argued that if the distance was less than five feet prior to the move, appellee was required to prove, beyond a reasonable doubt, that the current placement was not an exception under Article 9. Appellee asserted that under Portage Township Regulation 200.1, no building could be moved except for a purpose permitted in the district in which the building is located.

Appellant was found guilty of violating Portage Township Regulation 801.01. Relying on Portage Township Regulation 1201(a), which requires a property owner to obtain a zoning certificate and to comply with the zoning resolution before he or she moves a building, the trial court held that moving the utility shed from its original position to its present location created a new nonconforming use. Appellant was sentenced to pay a $25 fine plus court costs. This appeal followed.

In her first assignment of error, appellant contends that the prosecution was required to prove, beyond a reasonable doubt, that the utility shed was more than five feet from the main building on appellant's property prior to the time that the building was moved. She argues, as she did below, that if the shed was less than five feet from the main building prior to the move that, in its current position, the position of the utility shed is merely a continuance of its preexisting nonconforming condition. Appellee maintains that the movement of the shed from one place to another created a situation in which the shed is, under Portage Township Regulation 801.01, a nonconforming building.

R.C. Chapter 519 grants township trustees the authority to regulate building and land use in townships. The lawful use of any land or building existing at the time of the enactment of a township zoning resolution may be continued as a nonconforming use. R.C. 519.19. In addition, as part of their zoning resolution, the trustees are required to provide "for the completion, restoration, reconstruction, extension, or substitution of nonconforming uses upon such reasonable terms as are set forth in the zoning resolution." *Id.*

A violation of a township zoning regulation can be the subject of a criminal prosecution. R.C. 519.23. In such a prosecution, the state is required to prove, beyond a reasonable doubt, that the defendant does not fall within one of the exceptions contained in the regulations describing the offense. *Strongsville v. McPhee* (1944), 142 Ohio St. 534, 27 O.O. 466, 53 N.E.2d 522, paragraph two of the syllabus (municipality); *State v. Breidenbach* (1964), 5 Ohio App.2d 52, 55, 34 O.O.2d 135, 137, 213 N.E.2d 745, 747 (county); *State v. Desatnik* (Jan. 16, 1979), Mahoning App. No. 78-CA-123, unreported (township).

In the case under consideration, and pursuant to the argument presented by appellant, the trial court was presented with four possible outcomes. If Portage Township Regulations 200.1 and/or 1201(a) applied, the distance between the two structures prior to the move was irrelevant, and appellant violated Portage Township Regulation 801.01. If, prior to the move, the utility shed was more than five feet from the main building, then its placement within the five feet was, admittedly, a violation of Portage Township Regulation 801.01. If the stipulated nonconforming "use" was not related to the shed's distance from the main building, then the later placement was a new situation and a violation of Portage Township Regulation 801.01. Finally, and disregarding any other regulations, if the prior nonconforming "use" was based on the fact that the utility shed was less than five feet from the main building, the state was required to prove, beyond a reasonable doubt, that the new placement of the utility shed was not an exception, *i.e.*, a continuance of the prior nonconforming "use," under the describing regulations in Article 9, Portage Township Resolution.

The trial court apparently concluded that Article 9 was not applicable to this case or that, in the alternative, Article 2 and/or Article 12 took precedence over Article 9. We cannot agree.

Both Portage Township Regulation 201.1, set forth in Article 2 (titled "general regulations"), and Article 12 (titled "administration") are general regulations. Article 9 is a specific regulation controlling nonconforming buildings and uses and is directly applicable to this case. An ordinance or statute or, in this case, a resolution should be read so as to give effect to all of its provisions. *Flury v. Cent. Publishing House* (1928), 118 Ohio St. 154, 162, 160 N.E. 679, 681. Specific provisions prevail over conflicting general ones. *State v. Volpe* (1988), 38 Ohio St.3d 191, 193, 527 N.E.2d 818, 820–821; *Community Concerned Citizens, Inc. v. Union Twp. Bd. of Zoning Appeals* (Dec. 2, 1991), Clermont App. No. CA–91–01–009, unreported, 1991 WL 254633. The material general regulations in Article 2 and Article 12 which preclude the moving of a building or structure absent compliance with the zoning resolution are irreconcilable with the enumerated exceptions, see, *e.g.*, Portage Township Regulation 900.02, in Article 9. Therefore, if, in the case under consideration, the prior lawful nonconforming building use was identical to that which underlies the charge against appellant, the state was required to prove, beyond a reasonable doubt, that the new placement of the utility shed was not an exception under the applicable specific provision of the Portage Township Resolution, that is, Article 9.

Of equal importance is the fact that appellant was not charged with a violation of Portage Township Regulations 200.1 or 1201.01(a). Rather, she was charged with a violation of Portage Township Regulation 801.01. Therefore, the prosecu-

tion and the municipal court were limited to those provisions describing the charged offense, that is, a nonconforming building or use.

Accordingly, the state had to offer evidence to establish, at the very least, that the prior lawful nonconforming "use" was not the same as that which is the subject of this prosecution. No such evidence was offered by the prosecution. Thus, appellee failed to sustain its burden of proof and the trial court's judgment is against the manifest weight of the evidence. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus. In other words, this court cannot, after viewing the evidence in a light most favorable to the prosecution, find that any rational trier of fact could have found the essential elements of the charged offense proven beyond a reasonable doubt. *Id.*

Appellant's first assignment of error is found well taken.

In her second assignment of error, appellant maintains that she cannot be prosecuted in a criminal action for an alleged violation of a zoning resolution while an unresolved civil action involving the same violation is pending in the common pleas court.

R.C. 519.24 expressly states that "in addition to any other remedies," a board of township trustees may institute a civil action against a person who violates a township zoning regulation. Therefore, there is no prohibition against contemporaneous criminal and civil actions based on the same violation. Further, it cannot be inferred from the case cited by appellant, *Englewood v. Cecrle* (1985), 22 Ohio App.3d 151, 22 OBR 392, 489 N.E.2d 1320, that a civil action and criminal prosecution for a zoning violation cannot be conducted contemporaneously. For these reasons, appellant's second assignment of error is found not well taken.

On consideration whereof, this court finds that appellant was prejudiced and prevented from having a fair trial. The judgment of the Ottawa County Municipal Court is reversed. Appellee is ordered to pay the costs of this appeal.

*Judgment reversed.*

GLASSER and SHERCK, JJ., concur.