DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants-defendants, August Palladino and James Palladino, appeal from their convictions and sentences for violating several ordinances of the City of Twinsburg. We affirm.
The Palladinos own property located at 9453 Darrow Road in the City of Twinsburg. On January 27, 1998, the City of Twinsburg filed charges against the Palladinos in Cuyahoga Falls Municipal Court for violating Twinsburg Codified Ordinances Sections1323.01, 1153.08, 1155.01(M), and 1323.07. After a trial, the court found the Palladinos guilty of violating the zoning ordinances and imposed fines of $19,350 and $6,450, respectively. The trial court suspended $19,200 of the $19,350 fine and $6,400 of the $6,450 fine under the condition that the Palladinos comply with the zoning ordinances within six months.
The Palladinos timely appealed and have raised six assignments of error.
 ASSIGNMENT OF ERROR I
The trial court's finding that defendants did not have a surface mining permit before 1993 is contrary to the evidence and clearly erroneous.
In their first assignment of error, the Palladinos contend that their re-application, designated as an application for a permit by the City of Twinsburg and the trial court, did not constitute evidence that the non-conforming use was discontinued prior to 1993. Rather, they argue that because this was an application for a renewal of a permit that expires after a ten-year period, this application was evidence that they did have a continuous non-conforming use prior to 1993. We disagree.
Crim.R. 29(A) provides:
 The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense[.]
When a sufficiency of the evidence argument is made, a court measures whether the evidence underlying a conviction is sufficient as a matter of law to sustain the verdict. State v.Thompkins (1997), 78 Ohio St.3d 380, 386. Moreover, appellate courts examine the evidence in the light most favorable to the prosecution to determine whether "any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
When a party is prosecuted for a violation of local zoning ordinances, the prosecution bears the burden to prove, beyond a reasonable doubt, that a defendant does not fall within one of the exceptions to the zoning regulations. See State v. McNulty
(1996), 111 Ohio App.3d 828, 830. See, also, Strongsville v.McPhee (1944), 142 Ohio St. 534, paragraph two of the syllabus.
Twinsburg Codified Ordinance Section 1323.07(a) provides in part:
 No vacant land, structure or building hereafter erected or altered shall be occupied or used in whole or in part without a certificate of occupancy[.]
Section 1155.01(m) prohibits "[s]trip or open pit mining or extracting operations * * * except upon issuance of a Conditional Use Permit." Section 1153.08 prohibits the "outside storage of materials or equipment * * * unless under cover of structure permitted by this Zoning Ordinance." According to Twinsburg Codified Ordinance Section 1323.01:
 No building or structure shall be built, altered, repaired, moved, destroyed, or razed, or any excavation made or begun, in the Municipality, except after the issuance of a permit therefor by the Municipality.
A continuous nonconforming use is an exception to these ordinances, but this use must not cease for a period of one year or more. Twinsburg Codified Ordinance Section 1157.02
The "re-application" that was submitted in 1993 noted that mineral excavation had not occurred for two years. The record also revealed that stockpiling of minerals had occurred during that time. Viewing the evidence in a light most favorable to the prosecution, a rational factfinder could have found that the property did not sustain the continuous non-conforming use of mining. Accordingly, the Palladinos' first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
The trial court's findings that defendants' surface mining permit application was an admission that there had been a cessation of mining activity for two years is contrary to the evidence and clearly erroneous.
In their second assignment of error, the Palladinos aver that there is insufficient evidence to demonstrate discontinuation of a non-conforming use because stockpiling is within the broad scope of activities included in mining. The trial court relied on the application and testimony that showed that the minerals had not been excavated for two years as indicated on the permit application that was filed on May 5, 1993, as evidence that mining had ceased. The Palladinos contend that this reliance was misplaced because stockpiling is included in the definition of mining. We disagree.
According to R.C. 1514.01(A):
 "Surface mining" means all or any part of a process followed in the production of minerals from the earth or from the surface of the land by surface excavation methods[.]
In addition, R.C. 1514.01(F) provides in part:
 "Operation" or "surface mining operation" means all of the premises, facilities, and equipment used in the process of removing minerals, or minerals and incidental coal, by surface mining from a mining area[.]
The Supreme Court of Ohio has determined that trucks used to haul coal from pits to a tipple, where the coal was cleaned and graded, were used directly in mining for the purpose of an earlier tax provision utilizing a "directly in mining" description. Dye CoalCo. v. Evatt (1944), 144 Ohio St. 233, paragraph five of the syllabus. The Court noted the following:
 [I]t follows that the term "mining" cannot properly be restricted to the mere severance of the raw material from the earth, but includes such movement and handling thereof on the surface as in this instance is essential for the production of coal.
Id. at 236. Nonetheless, the Court later addressed a case where the Board of Tax Appeals affirmed an order assessing a use tax on a waste conveyor and trucks that were utilized in a mining operation. Internatl. Salt Co. v. Tracy (1996), 74 Ohio St.3d 550. The Court concluded that the tax exemption in R.C.5739.01(E)(2) did not apply because the conveyor and trucks were used after the coal was mined. Id. at 554.
As noted above, the Supreme Court did not expand the meaning of mining for the purpose of analyzing R.C. 5739. Id. at 552. Similarly, the meaning of a continuous non-conforming use should not be expanded for the purpose of analyzing a non-conforming use zoning ordinance. The definition of "mining" under R.C. 1514 coupled with evidence of stockpiling on the property in this case does not demonstrate that a continuous non-conforming use existed on the property for the purpose of the continuous non-conforming use exception to the zoning and building ordinances. Based on the foregoing, the Palladinos' second assignment of error is overruled.
 ASSIGNMENT OF ERROR III
The trial court's finding that there was a one year cessation of mining operations during the period Twinsburg Bank Company owned the subject property, so as to re[q]uire a conditional use permit for mining, is contrary to the evidence and clearly erroneous.
 ASSIGNMENT OF ERROR IV
The Court's verdict of guilty of count two is contrary to law because it failed to consider that a one year cessation of mining, which was not voluntary, does not operate to forfeit appellants' non-conforming use.
In their third and fourth assignments of error, the Palladinos argue that testimony by owners of the property between December of 1996, and December of 1997, that mining did not occur on the property by their approval was not sufficient to demonstrate that the non-conforming use of the property for mining purposes had ceased during that time. Assuming, arguendo, that the Palladinos' assertions in these two assignments of error are correct, the evidence of the cessation of mining activity for two years prior to 1993 supported the finding that the City of Twinsburg had proven, beyond a reasonable doubt, that the continuous non-conforming use exception to the zoning ordinance violations had not occurred. Accordingly, the Palladinos' third and fourth assignments of error are overruled.
 ASSIGNMENT OF ERROR V
The court's verdicts of guilty are against the manife[s]t weight of the evidence and contrary to law.
The Palladinos argue that the verdicts were against the manifest weight of the evidence because the testimony only demonstrated that the bank officials did not have personal knowledge of whether mining occurred on the property between December of 1996 and December of 1997; that the 1993 re-application for a permit demonstrated that mining continued up until that time; and that evidence of stockpiling during that time showed that mining had been continued as a non-conforming use. They aver, therefore, that the trial court clearly lost its way when it concluded that a continuous non-conforming use had not occurred. We disagree.
When conducting a manifest weight analysis, an appellate court must:
 review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340.
As noted in our discussion of third and fourth assignments of error, and assuming, arguendo, that the Palladinos' contentions have merit, the demonstration of mining during the period between December 1996, and December 1997, would not negate the absence of mining activity prior to the 1993 re-application for a permit. Our disposition of the second assignment of error discounts any evidentiary argument presented by the Palladinos of stockpiling on the property during the two-year period prior to the 1993 re-application because stockpiling does not equate to the extraction of minerals for purposes of the non-conforming use ordinance. Although the re-application for a permit in 1993 at the end of the ten-year permit period may suggest that the non-conforming use of mining had occurred throughout that period and up until the application was submitted, we cannot conclude that the trial court clearly lost its way in determining that mining had ceased because the application specifically noted that the extraction of minerals had not occurred for at least two years. Based on the foregoing, the Palladinos' fifth assignment of error is overruled.
 ASSIGNMENT OF ERROR VI
It is error for the court to impose a fine for each day between the complaint date and the court's date of finding without evidence that appellants, and each of them, continued a mining operation after the date of the complaint.
The Palladinos aver that the trial court improperly imposed a sentence by imposing fines that accrued from the date that the charges were filed in the trial court until the date of the trial court's judgment. More specifically, the Palladinos contend that no evidence was presented demonstrating that the Palladinos violated the ordinance during the 129 days that had elapsed between filing of the charges on January 27, 1998, and the court's order of June 5, 1998. They assert, therefore, that the trial court did not have authority to levy a fine for any day other than the date of the complaint that related to the court's finding. We disagree.
R.C. 519.23 provides the following:
 No building shall be located, erected, constructed, reconstructed, enlarged, changed, maintained, or used, and no land shall be used in violation of any resolution, or amendment or supplement to such resolution, adopted by any board township of trustees under sections 519.02 to 519.25, inclusive of the Revised Code. Each day's continuation of a violation of this section may be deemed a separate offense.
(Emphasis added.) At the sentencing hearing, the Palladinos' attorney admitted that the Palladinos did not stop the activity that they were continuing when the charges were filed until the trial court issued a judgment finding them in violation. The record reveals that the charges were ongoing. Accordingly, we conclude that the trial court did not err by imposing fines for a period of time extending from the date of the filing of the charges until the date of the trial court's entry finding the Palladinos guilty of violating the ordinances.
The Pallidinos' six assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Cuyahoga Falls Municipal Court, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ___________________________ LYNN C. SLABY
FOR THE COURT
BAIRD, P. J.
WHITMORE, J.
CONCUR