FLETCHER, Judge.
Luis R. Castro and Ofelia Castro seek certiorari review of a circuit court, appellate division, decision upholding a Miami-Dade County hearing officer’s finding of a code violation. We have concluded that the circuit court failed to apply the correct law[1] and thus we quash the decision of that court.
Luis Castro, a member of the Coast Guard Auxiliary, and Ofelia Castro were ticketed for “storing” their boat illegally by parking it in front of their house on two separate days (December 15 and December 21, 2001).[2] The record reflects that the location where the boat is normally kept is at the Coast Guard facility. On the two days here involved, however, the boat was parked in front of the Castros’ home so as to be available for Luis Castro to rapidly deploy on Coast Guard orders.
The county code provision which the Castros were accused of violating, Section 33-20(e)(l), allows boat storage in residential areas, limiting such storage to a location to the rear of the front budding line of residential structures:
“(e) Boat storage. Boats of less than twenty-six (26) feet in length, not more than ninety-six (96) inches in width and thirteen (13) feet six (6) inches in height, *785 may be stored in the RU, EU, AU and GU zoning districts subject to the following conditions:
(1) the place of storage shall be to the rear of the front building line.... ”
The county contends that on December 15 and December 21, 2001 the boat was “stored” in front of the front building line of the Castros’ house. The Castros admit that the boat was (for the two nights in question) parked in front of the front building line, but not “stored” or “in storage.” We conclude that the Castros’ contention is the correct one.
The county code contains no definition of “stored” or “in storage,” at least not for section 33 — 20(e)(1), thus the words used therein are to be given their plain and ordinary meaning. State Farm Mut. Automobile Ins. Co. v. West Gables Open MRI Servs., 846 So.2d 538, 2003 WL 729147 (Fla. 3d DCA March 5, 2003); Specialty Restaurants Corp. v. City of Miami, 501 So.2d 101 (Fla. 3d DCA 1987). One looks to the dictionary for the plain and ordinary meaning of words. Specialty Restaurants Corp. v. City of Miami; City of Miami Beach v. Royal Castle System, Inc., 126 So.2d 595 (Fla. 3d DCA 1961).
Turning to the American Heritage Dictionary (1979) one finds “store” defined relevantly as “to reserve or put away for future use,” while “storage” is defined as “the act of storing goods, as in a warehouse for safekeeping.” Section 33-20(e)(1) of the county code thus contemplates a placing away of boats for a considerable period, and not for a brief placement. This conclusion is reinforced by the Second District Court’s opinion in International Ins. Co. v. Mason, 442 So.2d 379 (Fla. 2d DCA 1983), that “stored” and “storage” contemplate a certain degree of permanency. International cites as persuasive State v. Breidenbach, 5 Ohio App.2d 52, 213 N.E.2d 745 (1964) and Williams v. Grier, 196 Ga. 327, 26 S.E.2d 698 (1943). In Breidenbach the Ohio Court of Appeals, in reviewing a county zoning resolution, stated (at 746) “we observe in passing that storage of automobiles indicates a certain degree of permanency, while the term ‘parking’ connotes transience.” In Williams v. Grier, the Georgia Supreme Court concluded that “parking” does not equate to “storing.”
It is our conclusion that the Castros’ boat was not stored, or in storage, but rather parked on the dates in question. The circuit court thus failed to apply the correct law, i.e., the plain meaning rule. Accordingly we grant the petition for writ of certiorari. The decision of the circuit court is quashed with instructions to quash the decision of the county hearing officer.
Petition granted; decision quashed, with instructions.

. See Jesus Fellowship, Inc. v. Miami-Dade County, 752 So.2d 708 (Fla. 3d DCA 2000); Herrera v. City of Miami, 600 So.2d 561 (Fla. 3d DCA), rev. denied, 613 So.2d 2 (Fla.1992).

. Other than on August 15, 2001, for which date a warning was issued, and on December 15 and 21, 2001, the record is devoid of any evidence that the Castros’ boat was parked in front of their house.