CITY OF YOUNGSTOWN, APPELLANT, *v.* STARKS, APPELLEE.

(No. 81 C.A. 88—Decided January 25, 1982.)

*Mr. William M. Marshall,* city prosecutor, for appellant.

*Mr. Steve Stanos,* for appellee.

LYNCH, P.J. Plaintiff, pursuant to R.C. 2945.67, is appealing the judgment of the Youngstown Municipal Court which

270

sustained defendant's motion to dismiss two traffic tickets issued to him on the basis that the traffic tickets on their faces were insufficient to properly charge defendant.

The city of Youngstown uses the Uniform Traffic Ticket which is prescribed by Traf. R. 3(A).

None of the lists of offenses on subject traffic tickets was marked. The offense on each traffic ticket was handwritten next to the heading entitled "Description of Offense." In case No. 81 TR 2085, the offense was described as follows: "Fail to Stop Assured Clear Distance in violation of Section 71.02 of Ordinances of the City of Youngstown." In case No. 81 TR 2086 the offense was described as follows: "Driving Under the Influence in violation of Section 71.07 of Ordinances of the City of Youngstown."

Plaintiff's first assignment of error is that the trial court erred in sustaining defendant's motion to dismiss the affidavit in case No. 81 TR 2085.

Section 71.02 of the Youngstown Municipal Codified Ordinances provides, in pertinent part, as follows:

"* * * no person shall drive any motor vehicle * * * in and upon any street or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead."

The pertinent paragraphs of the syllabus of *Cleveland* v. *Austin* (1978), 55 Ohio App. 2d 215 [9 O.O.3d 368], are as follows:

"2. The complaint (and summons) in traffic cases is the Ohio Uniform Traffic Ticket set out in the Appendix of the Forms of Ohio Uniform Traffic Rules and is binding on all courts inferior to the Court of Common Pleas. Traffic Rules 1(A) and 3(A)."

"4. The Ohio Uniform Traffic Ticket is legally sufficient if it describes the nature of the offense and refers to the statute or ordinance that gave rise to the citation even though the description may

not contain all of the elements of the offense charged."

Traf. R. 1(B) provides, in pertinent part, as follows:

"These rules * * * shall be construed and applied to secure the fair, impartial, speedy and sure administration of justice, simplicity and uniformity in procedure, and the elimination of unjustifiable expense and delay."

In the instant case the offense listed on the Uniform Traffic Ticket which, if marked, would have designated the offense at issue in this case is entitled as follows: "Unable to stop in assured clear distance ahead." We hold that the language on subject traffic ticket sufficiently describes the nature of the offense and is substantially similar to the above language describing subject offense on the traffic ticket and that subject traffic ticket complies with the law and validly charges defendant with a violation of the above mentioned provision of Section 71.02 of the Youngstown Ordinances. Therefore, we sustain plaintiff's first assignment of error.

Plaintiff's second assignment of error is that the trial court erred in sustaining defendant's motion to dismiss the affidavit in case No. 81 TR 2086.

Section 71.07 of the Youngstown Municipal Codified Ordinances provides as follows:

"No person who is under the influence of alcohol or narcotic drugs, or opiates shall operate or be in actual physical control of any vehicle or trackless trolley within this city."

The Uniform Traffic Ticket, in its list of offenses which can be marked, does not include a violation of subject offense. Therefore, such offense must be written as was attempted to be done in this case.

The problem in this assignment of error is that this ordinance applies to two separate influences, namely, (1) alcohol and (2) narcotic drugs, and that the traffic ticket at issue in this assignment of error does not indicate the substance under

which influence defendant is being charged.

The rule is well settled that affidavits charging minor offenses are not construed with the same degree of strictness as indictments charging major offenses. It is sufficient that the defendant be advised in all cases of "the nature and cause of the accusation against him." *Strongsville* v. *McPhee* (1944), 142 Ohio St. 534, 538 [27 O.O. 466]; *State* v. *Marcinski* (1921), 103 Ohio St. 613, 618; 26 Ohio Jurisprudence 3d 499, Criminal Law, Section 732.

No Ohio Supreme Court case directly applicable to this case has been cited by the parties in this case, and we are unaware of any such case. We are aware of pertinent court of appeals cases which are in conflict.

The Eighth District Court of Appeals has held that the charge of "driving under the influence" without stating the substance prohibited by the applicable ordinance does not state an offense and fails to charge the defendant with having committed an offense. *Solon* v. *Crapser* (Mar. 3, 1977), Cuyahoga App. No. 35518, unreported; *Cleveland* v. *Austin* (1978), 55 Ohio App. 2d 215, 221 [9 O.O.3d 368].

The First District Court of Appeals has held that the charge of "D.U.I." was adequate, although barely so, to advise defendant of the traffic violation with which he was charged and was sufficient to charge the defendant with an offense. *State* v. *McKinney* (Oct. 21, 1981), Hamilton App. No. C-800922, unreported.

The decision on this assignment of error has been difficult for this court. We recognize that these traffic tickets are written at the scene of the traffic violation by police officers and consideration has to be given to this fact.

We believe that defendant is fully aware of the offense for which he is charged by this traffic ticket. If this traffic ticket read "D.U.I. (either alcohol or drugs)," we would hold that such traffic ticket was valid to charge defendant with a violation of Section 71.07 of the Youngstown Ordinances.

However, we hold that an essential element to describe the nature of a violation of Section 71.07 of the Youngstown Ordinances is the name of the substance, which would either be alcohol or narcotic drugs, under which influence defendant is being charged and that the wording of the alleged offense on the traffic ticket in case No. 81 TR 2086 does not state an offense and fails to charge the defendant with having committed an offense. Thus, we concur with the Cuyahoga County case of *Solon* v. *Crapser, supra,* and are in conflict with the Hamilton County case of *State* v. *McKinney, supra.*

We overrule plaintiff's second assignment of error.

Judgment affirmed for case No. 81 TR 2086. Judgment reversed for case No. 81 TR 2085. Case No. 81 TR 2085 remanded for further proceedings in accordance with law.

*Judgments accordingly.*

O'NEILL and DONOFRIO, JJ., concur.