OPINION.
{¶ 1} The State of Ohio appeals from the dismissal of a uniform traffic citation issued to Cynthia McGuire for failure to charge an offense. We reverse.
 {¶ 2} The citation alleged a violation of R.C. 4511.38. It noted a "non-injury crash." The offense was described as "care to be exercised in backing vehicle." The essence of McGuire's basis for dismissal was that the citation charged no prohibited conduct. The trial court dismissed on that basis, which the State assigns as error.
 {¶ 3} R.C. 4511.18 is a brief section consisting of three one-sentence paragraphs, the second of which reads:
 {¶ 4} "Before backing, operators of vehicles, streetcars, or trackless trolleys shall give ample warning, and while backing they shall exercise vigilance not to injure person or property on the street or highway."
 {¶ 5} In Barberton v. O'Connor (1985), 17 Ohio St.3d 218, a unanimous court stated:
 {¶ 6} "The purpose of the Ohio Traffic Rules is, in large part, to ensure `simplicity and uniformity in procedure * * *." (Emphasis added.) Traf.R. 1(B). Simplicity in procedure does not mean unfairness in procedure, or indifference to the rights of the prosecution or the defense. It means that traffic court procedure is not controlled by the stricter, more elaborate rules that govern procedures in more serious cases. Cf. Youngstown v. Starks (1982), 4 Ohio App.3d 269, 271. Therefore, a complaint prepared pursuant to Traf.R. 3 simply needs to advise the defendant of the offense with which he is charged, in a manner that can be readily understood by a person making a reasonable attempt to understand. Cleveland v. Austin (1978), 55 Ohio App.2d 215, 219
[9 O.O.3d 368].
 {¶ 7} Cleveland v. Austin had stated:
 {¶ 8} "We hold that the ticket need not contain every element of the offense in its description. It will satisfy legal requirements if it apprises the defendant of the nature of the charge together with a citation of the statute or ordinance involved." (We note that Clevelandv. Austin was decided by the same appellate district that decided Statev. Burgan [1976], 49 Ohio App.2d 112, upon which McGuire relies in this case).
 {¶ 9} We agree with McGuire that the cases cited by the State all involve citations which alleged some fault whereas the offense attempted to be described here fails to do so. While the State's cases can be distinguished from this case in this way, we do not find this to be legally significant.
 {¶ 10} The citation notes a non-injury crash and alleges that R.C. 4511.38 was violated. The word "backing" necessarily directed McGuire and her counsel to the second paragraph of R.C. 4511.38. Having received a citation alleging she violated R.C. 4511.38, what other inference could McGuire — and her counsel — draw than that she was charged with failing to exercise vigilance while backing?
 {¶ 11} We find Barberton v. O'Connor apt in observing what McGuire's course of action should have been:
 {¶ 12} "If appellant did not understand exactly what he had been charged with, he could have informally asked the prosecutor to amend the complaint so as to charge a more specific offense. As a practical matter, there is a possibility the prosecutor would have complied with appellant's informal request. If he would have refused to comply, appellant could have requested that the prosecutor furnish him `with a bill of particulars setting up specifically the nature of the offense charged and * * * the conduct of defendant alleged to constitute the offense.' Crim.R. 7(E). This would have required the prosecutor to correct any prejudicial defects in the complaint."
 {¶ 13} Although we do not fault McGuire for not taking these steps, neither can we approve the trial court's rewarding her for not doing so.
 {¶ 14} In our judgment, the citation was sufficient to invoke the jurisdiction of the trial court — see O.Jur.3d, Criminal Law, § 2000 — and readily understandable by a person making a reasonable effort to understand.
 {¶ 15} The assignment of error is sustained.
 {¶ 16} The judgment of dismissal will be reversed, and the case will be remanded for further proceedings consistent with this opinion.
BROGAN, J., concurs.