OPINION
{¶ 1} On February 13, 2005, appellant, Gary Kieffaber, was charged with speeding in violation of Ohio Basic Code § 73.10. A bench trial commenced on May 17, 2005. Appellant requested a dismissal based upon the officer's failure to indicate on the ticket that appellant's speed was unreasonable for the conditions. The trial court denied the request and found appellant guilty. By judgment entry filed May 18, 2005, the trial court ordered appellant to pay a one hundred dollar fine and court costs.
 {¶ 2} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 3} "THE COURT ERRED BY NOT DISMISSING A SPEEDING TICKET WHEN THE ELEMENT OF `UNSAFE FOR THE CONDITIONS' IS NOT INCLUDED IN THE CHARGING DOCUMENT."
 I {¶ 4} Appellant claims the trial court erred in not dismissing his speeding ticket. We disagree.
 {¶ 5} Ohio Basic Code § 73.10 governs speed limits and states the following:
 {¶ 6} "(A) No person shall operate a motor vehicle at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface, and width of the street or highway and any other conditions, and no person shall drive any motor vehicle in and upon any street or highway at a greater speed than will permit him or her to bring it to a stop within the assured clear distance ahead.
 {¶ 7} "(B) It is prima-facie lawful, in the absence of a lower limit declared pursuant to this section by the Director of Transportation or local authorities, for the operator of a motor vehicle to operate the same at a speed not exceeding the following:
 {¶ 8} "* * *
 {¶ 9} "(2) Twenty-five miles per hour in all other portions of the municipality, except on state routes outside business districts, through highways outside business districts, and alleys;
 {¶ 10} "(C) It is prima-facie unlawful for any person to exceed any of the speed limitations in division (B) of this section or any declared pursuant to this section by the Director or local authorities and it is unlawful for any person to exceed any of the speed limitations in division (D) of this section."
 {¶ 11} Appellant argues the trial court should have dismissed the speeding ticket because the element of "unsafe for the conditions" was not included on the ticket and therefore the charging document was insufficient. T. at 7.
 {¶ 12} Traf.R. 3(E) describes the method of completion of a traffic ticket and states, "A law enforcement officer who issues a ticket shall complete and sign the ticket, serve a copy of the completed ticket upon defendant, and, without unnecessary delay, file the court copy with the court." Crim.R. 3 defines a "complaint" as "a written statement of the essential facts constituting the offense charged. It shall also state the numerical designation of the applicable statute or ordinance."
 {¶ 13} From our review of the traffic ticket sub judice, we find it sets forth the essential facts and the numerical designation of the offense charged. Although the box indicating "unsafe for conditions" was not checked, we find Ohio Basic Code § 73.10(B)(2) to be the offense charged and the charging document does not need to recite the "unsafe for conditions" in a prima facie statute.
 {¶ 14} Upon review, we find the trial court did not err in denying appellant's motion to dismiss the complaint.
 {¶ 15} The sole assignment of error is denied.
 {¶ 16} The judgment of the Mansfield Municipal Court of Richland County, Ohio is hereby affirmed.
Farmer, J., Edwards, J. concurs.
Hoffman, P.J. dissents.