VILLAGE OF BELLVILLE, APPELLEE, *v.* KIEFFABER, APPELLANT.

[Cite as *Bellville v. Kieffaber,* 114 Ohio St.3d 124, 2007-Ohio-3763.]

(No. 2006–0824—Submitted February 27, 2007—Decided August 8, 2007.)

CUPP, J.

{¶ 1} This certified-conflict case requires us to consider the meaning of, and evidentiary burdens associated with, the phrase "prima facie case" in the context of a traffic citation for excessive speed.

### Background and Case Procedure

{¶ 2} An officer with appellee, the village of Bellville, charged appellant, Gary Kieffaber, with speeding in violation of Bellville Ordinance 73.10 on February 13, 2005. When the matter proceeded to a bench trial, Kieffaber requested dismissal. Kieffaber based his request on the officer's failure to check the box on the citation form indicating that Kieffaber's speed was unsafe for the conditions. Without that particular box being checked, Kieffaber asserted, the citation failed to state all the elements of the speeding offense necessary to support a convic-

tion. The trial court denied Kieffaber's dismissal request and proceeded with the trial.

{¶ 3} At the trial, the officer who wrote the citation testified that radar determined Kieffaber's speed to have been 41 m.p.h. in a 25 m.p.h. zone. Additional testimony from the officer indicated that the roads were clear and that Kieffaber had been traveling at dusk in a residential neighborhood with no adverse weather conditions. The officer's testimony was consistent with the boxes marked on the citation describing the conditions surrounding the traffic stop, including that the pavement was dry with no adverse weather conditions, the stop occurred at dusk in a residential area, the traffic volume was moderate, and no crash was involved. On the citation handed to Kieffaber at the traffic stop, the "over the limits" box was marked.

{¶ 4} During cross-examination, Kieffaber asked the officer why the citation did not have the "unsafe for conditions" box marked. The officer replied that the "unsafe for conditions" marking was inappropriate for Kieffaber's situation because Kieffaber was not "actually going less than the speed limit but [nonetheless] going at a speed that would be unsafe for the conditions. For example, if the road was very icy." Kieffaber did not testify or present any witnesses or evidence. The trial court found Kieffaber guilty of speeding and fined him $100 and court costs.

{¶ 5} On appeal, Kieffaber's conviction was affirmed. *Bellville v. Kieffaber,* Richland App. No. 2005CA0061, 2005-Ohio-6879, 2005 WL 3527841. The majority opinion reasoned that the citation set forth both the essential facts and numerical designation of the offense charged. Id. at ¶ 13. As a result, it concluded that the "unsafe for conditions" box did not need to be marked in order to sustain the conviction under the prima facie provision of the statute. Id. The dissenting opinion, however, concluded that the village's failure to check the "unsafe for conditions" box rendered the citation defective for failing to "allege all the necessary elements of the offense." Id. at ¶ 19.

{¶ 6} The appellate court certified its decision as being in conflict with *State v. Oglesby* (Sept. 1, 2000), Erie App. Nos. E–99–077 and E–99–076, 2000 WL 1232411.

{¶ 7} We determined that a conflict existed and accepted the following certified question: "In a traffic law enforcement citation for 'excessive speed' does the complaint fail, as a matter of law, to charge a necessary element of the offense if it does not also allege that the speed is 'prima-facie' unlawful and the speed alleged is not charged as a 'per se' violation of the traffic code?" *Bellville v. Kieffaber,* 109 Ohio St.3d 1493, 2006-Ohio-2762, 848 N.E.2d 856.

Analysis

{¶ 8} In his appeal, Kieffaber asserts that the citation issued by the village failed to properly charge the speeding offense of which he was convicted. Kieffaber asserts it was necessary for the "unsafe for conditions" box on the citation to be checked in order to state all the elements of an offense under Bellville Ordinance 73.10.[1]  Bellville Ordinance 73.10 reads:

{¶ 9} "(A) No person shall operate a motor vehicle at a speed greater or less than is reasonable or proper, having due regard for the traffic, surface, and width of the street or highway and any other conditions, and no person shall drive any motor vehicle in and upon any street or highway at a greater speed than will permit him or her to bring it to a stop within the assured clear distance ahead.

{¶ 10} "(B) It is prima facie lawful, in the absence of a lower limit declared pursuant to this section by the Director of Transportation or local authorities, for the operator of a motor vehicle to operate the same at a speed not exceeding the following:

{¶ 11} " * * *

{¶ 12} "(2) Twenty-five miles per hour in all other portions of the municipality, except on state routes outside business districts, through highways outside business districts, and alleys;

{¶ 13} " * * *

{¶ 14} "(C) It is prima facie unlawful for any person to exceed any of the speed limitations in [division (B) ] of this section or any declared pursuant to this section by the Director or local authorities and it is unlawful for any person to exceed any of the speed limitations in division (D) of this section."

{¶ 15} Bellville Ordinance 73.10(D) addresses the per se violations, which are not at issue in this matter.  It is undisputed that Kieffaber's speed at 41 m.p.h. exceeded the prima facie limit of 25 m.p.h.

{¶ 16} Because Kieffaber's appeal questions the evidentiary burden of production by the village, *Cleveland v. Keah* (1952), 157 Ohio St. 331, 47 O.O. 195, 105 N.E.2d 402, is implicated.  In *Keah,* this court discussed whether a speed greater than that specified in a municipal ordinance established unlawful conduct per se or a prima facie case.  In the first paragraph of the syllabus, we held:

{¶ 17} "Where a municipal ordinance makes it prima facie unlawful for a motor vehicle to exceed a certain speed limit in a described locality, a speed greater than that specified does not establish the commission of an offense or constitute unlawful conduct per se, but establishes only a prima facie case under the

---

1.  The language of Bellville Ordinance 73.10 mirrors that contained in R.C. 4511.21.

ordinance. Such a provision as to speed is merely a rule of evidence raising a rebuttable presumption which may be overcome by evidence showing that in the circumstances the speed was neither excessive nor unreasonable."

{¶ 18} As noted on Kieffaber's citation, he was traveling at 41 m.p.h. in a 25 m.p.h. zone and the box marked "over limits" was checked. If proved, these facts would establish the village's prima facie case under the ordinance. *Keah*, 157 Ohio St. at 331, 47 O.O. 195, 105 N.E.2d 402, paragraphs one and two of the syllabus.

{¶ 19} Consistent with the goal of ensuring simplicity and uniformity in procedure, a "complaint prepared pursuant to [the Ohio Traffic Rules] simply needs to advise the defendant of the offense with which he is charged, in a manner that can be readily understood by a person making a reasonable attempt to understand." *Barberton v. O'Connor* (1985), 17 Ohio St.3d 218, 221, 17 OBR 452, 478 N.E.2d 803. In the traffic-citation context, this has generally been interpreted as focusing on whether the defendant had notice of the nature and the cause of the accusation. See *Youngstown v. Starks* (1982), 4 Ohio App.3d 269, 271, 4 OBR 488, 448 N.E.2d 480, citing *Strongsville v. McPhee* (1944), 142 Ohio St. 534, 538, 27 O.O. 466, 53 N.E.2d 522. Notice is satisfied when a defendant is apprised of the nature of the charge together with a citation of the statute or ordinance involved. *Cleveland v. Austin* (1978), 55 Ohio App.2d 215, 220, 9 O.O.3d 368, 380 N.E.2d 1357.

{¶ 20} Contrary to Kieffaber's assertion, the citation presented to him stated all the elements for an offense under Bellville Ordinance 73.10. It designated Kieffaber's speed, specified the location and time that Kieffaber drove at that speed, and indicated that Kieffaber's speed was in excess of the posted speed limit. The citation also contained the appropriate village ordinance section Kieffaber was charged with violating. Although the specific statutory subsection was not indicated, Kieffaber had sufficient information to know the nature and cause of the accusation against him and not to be misled in the preparation of his defense. See, e.g., *Niles v. Yeager,* Trumbull App. No. 2004–T–0004, 2004-Ohio-6698, 2004 WL 2861099, at ¶ 18 (defendant had sufficient notice of the nature and cause of the charge when the traffic citation included the proper statutory designation but not subsection). The citation thus comported with the requirements of the Ohio Traffic Rules and contained sufficient information to properly allege that Kieffaber drove in excess of the speed permitted by Bellville Ordinance 73.10(B)(2).

{¶ 21} Kieffaber, however, was entitled to present evidence to overcome the rebuttable presumption that arose from the proof that he drove over the 25 m.p.h. speed limit. He could have shown that under all the conditions present his "speed was neither excessive nor unreasonable." *Keah,* 157 Ohio St. at 331, 47

O.O. 195, 105 N.E.2d 402, paragraph one of the syllabus. However, there is no evidence within the record before us to support such a conclusion. Kieffaber did not testify or present any witnesses or evidence. Kieffaber did engage in a limited cross-examination of the officer who issued the citation by asking why the "unsafe for conditions" box was not marked. In response, the officer asserted that such a notation was not required because Kieffaber was driving over the speed limit, rather than driving within the speed limit but in an unsafe manner. In sum, Kieffaber failed to produce sufficient evidence to rebut and overcome the village's prima facie case. Id.

{¶ 22} In view of the foregoing, we hold that a citation for speeding that contains notice of the prima facie offense and the basic facts supporting that charge includes all the necessary elements of the offense even if the citation does not also allege that the speed is unreasonable for the existing conditions. The driver may rebut or negate the prima facie case with evidence that the speed was neither excessive nor unreasonable.

{¶ 23} As applied to the present case, the citation issued by the village gave Kieffaber sufficient notice of the offense charged against him and facts supporting that charge. The municipal ordinance under which he was cited classified Kieffaber's speed as a prima facie violation. Kieffaber failed to successfully rebut the village's prima facie case with evidence that his speed was neither excessive nor unreasonable in light of the circumstances. Accordingly, the village's prima facie case was not overcome and the evidence supported the trial court's finding of guilty. The judgment of the Court of Appeals for Richland County is affirmed.

Judgment affirmed.

MOYER, C.J., PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

---

Renwick, Welsh & Burton and John D. Studenmund, Bellville Law Director, for appellee.

Gary Kieffaber, pro se.