{¶ 1} Appellant, Nina Lynn Jackim, appeals her conviction on the grounds that the trial court erred in denying her motions to vacate her conviction and for a new trial. Based on the holding in State v.Berndt (1987), 29 Ohio St.3d 3; 504 N.E.2d 712, we find that this appeal is moot; therefore, we dismiss.
 {¶ 2} On May 25, 2003, while shopping at Sam's Club in Brooklyn, Ohio, appellant and her husband were both arrested. In the sworn complaint portion of the ticket issued to appellant, Patrolman Danny Meadows, an off-duty, uniformed police officer with the Brooklyn Police Department, wrote: "No person, recklessly or by force, shall resist or interfere with a lawful arrest of the person or another — Resisting Arrest (M2)." This language is a recitation of Brooklyn Codified Ordinance 529.09. In essence, appellant was arrested for resisting in the arrest of her husband.[1]
 {¶ 3} On June 25, 2003, appellant was arraigned and entered a plea of not guilty to the charge of resisting arrest of another. She appeared with counsel on February 23, 2004, the date set for jury trial. On that date, she agreed to change her plea to no contest to the amended charge of attempted disorderly conduct, in violation of Brooklyn Codified Ordinance 501.09, a minor misdemeanor. The trial court convicted appellant of attempted disorderly conduct without reading into the record the elements of the charge or the conduct which constituted the offense. *Page 4 
 {¶ 4} The trial court ordered appellant to pay a $100 fine, $25 of which was suspended, plus court costs, for a total amount of $149.50. There is no dispute that appellant paid the fine and costs of $149.50 on February 23, 2004.
 {¶ 5} On January 30, 2007, appellant filed a motion for a new trial with affidavits in support. On February 26, 2007, the trial court held a hearing on the motion for new trial and appellant's oral motion to vacate the conviction, which defense counsel made at the hearing. On March 9, 2007, the trial court denied appellant's motion for new trial. On March 28, 2007, appellant filed a motion to reconsider the motion for new trial, which the trial court denied on March 29, 2007. Appellant filed her notice of appeal on April 3, 2007.
 {¶ 6} Appellant asserts two assignments of error stemming from the trial court's denial of her motions to vacate her conviction and for new trial. We do not address the merits because we find that this appeal is moot.
 {¶ 7} Ohio law is well settled that "[w]here a defendant, convicted of a criminal offense, has voluntarily paid the fine or completed the sentence for that offense, an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction." Berndt, supra, citing State v. Wilson (1975),41 Ohio St.2d 236, 325 N.E.2d 236, syllabus.
 {¶ 8} "The burden of presenting evidence that he has such a `substantial stake in the judgment of conviction' is upon the defendant. Id. at 237, 70 O.O.2d at 432, 325 N.E.2d at 237. Thus, this appeal is moot unless appellee has at some *Page 5 
point in this proceeding offered evidence from which an inference can be drawn that appellee will suffer some collateral legal disability or loss of civil rights." Id.
 {¶ 9} Appellant paid her fine and court costs on February 23, 2004. At no time has she offered evidence that she will suffer some collateral legal disability or loss of civil rights if her misdemeanor conviction is not vacated. Based on the controlling law in Ohio, we must find that this appeal is moot. Accordingly, the appeal is dismissed.
It is ordered that appellee recover of appellant costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., P.J., and CHRISTINE T. McMONAGLE, J., CONCUR
[1] Appellant's husband was arrested for alleged improper use of his tax-exempt status for his business. In the course of his arrest, there was an altercation between himself and the arresting officer. *Page 1