OPINION
{¶ 1} Defendant-appellant, Gary A. Josephson ("appellant"), appeals from the judgment of the Franklin County Municipal Court, which found him guilty of speeding. For the following reasons, we affirm.
 {¶ 2} Appellant received a traffic ticket for speeding on March 29, 2008. Appellant pleaded not guilty and requested a trial, which was held on April 23, 2008. *Page 2 
 {¶ 3} Columbus Police Officer Brad White testified that, at about 9:00 a.m. on March 29, 2008, he recorded appellant traveling at 73 m.p.h. in a 55 m.p.h. speed zone. He answered questions concerning the laser device he used, an LTI 20-20 UltraLyte laser, its calibration, and his testing of the unit that day. White also said that he visually estimated appellant's speed at 70 m.p.h. The court thereafter took judicial notice of the accuracy of the recorded speed pursuant to City of Columbus v.Barton (1994), 106 Ohio Misc.2d 17.
 {¶ 4} Appellant testified that he was not going 73 m.p.h. He said that he was not in a 55 m.p.h. zone and that the officer was mistaken about the location of the stop. He also suggested that the officer could have recorded another vehicle going 73 m.p.h. On cross-examination, appellant said that, if he had seen the officer, he would have slowed down. If he had not seen the officer, however, he "would have continued on at the 65 I was going." (Tr. 49.) On redirect, appellant discussed his prior convictions for speed-related offenses.
 {¶ 5} Following the testimony and closing arguments from both sides, the court found appellant guilty of speeding under Columbus City Code ("C.C.C.") 2133.03. The court asked appellant to tell the court "some additional nice things about yourself, because I'm going to impose the fine." (Tr. 59.) In response, appellant asked for no points, a low fine, and a long time to pay the fine. He noted that the prosecution had made an earlier plea offer. In the end, the court imposed a $35 fine, plus court costs, and gave appellant about five weeks to pay it. The court also explained the procedures for appealing and for requesting an extension to pay the fine. *Page 3 
 {¶ 6} Appellant filed a timely appeal. In his brief, appellant purports to raise seven assignments of error. These assignments, however, are lengthy and argumentative. In our view, they resolve to the following: (1) whether sufficient evidence supports appellant's conviction for speeding; (2) whether the trial court erred in applying and interpreting C.C.C. 2133.03; (3) whether the proceedings unfairly favored the prosecution and prejudiced appellant; and (4) whether appellant's conviction is against the manifest weight of the evidence.
 {¶ 7} As an initial matter, we will address the argument of plaintiff-appellee, the City of Columbus ("appellee"), that we should disregard appellant's arguments because he has failed to comply with App. R. 16(A). We agree that appellant's brief does not comply with App. R. 16(A) because (1) his assignments of error do not refer to the place in the record where each error occurred, (2) his statement of the issues does not refer to the corresponding assignment of error, and (3) his argument does not refer to the points in the record that support his argument. Nevertheless, in the interest of justice, we will address appellant's assignments of error, at least as we have interpreted them.
 {¶ 8} First, we conclude that sufficient evidence supported appellant's conviction for speeding. Sufficiency of the evidence is a legal standard that tests whether the evidence introduced at trial is legally sufficient to support a verdict. State v. Thompkins,78 Ohio St.3d 380, 386, 1997-Ohio-52. We examine the evidence in the light most favorable to the state and conclude whether any rational trier of fact could have found that the state proved beyond a reasonable doubt the essential elements of the crime. State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus; State v. Yarbrough,95 Ohio St.3d 227, 2002-Ohio-2126, ¶ 78. We will not disturb the verdict *Page 4 
unless we determine that reasonable minds could not arrive at the conclusion reached by the trier of fact. Jenks at 273. In determining whether a conviction is based on sufficient evidence, we do not assess whether the evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction. SeeJenks, paragraph two of the syllabus; Yarbrough at ¶ 79 (noting that courts do not evaluate witness credibility when reviewing a sufficiency of the evidence claim).
 {¶ 9} C.C.C. 2133.03(A) states: "No person shall operate a motor vehicle at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface and width of the street or highway, and any other conditions," and no person shall drive "at a greater speed than will permit the person to bring it to a stop within the assured clear distance ahead." C.C.C. 2133.03(C) also states that it is "prima facie unlawful" for anyone to exceed statutory or posted speed limits.
 {¶ 10} Here, Officer White testified that appellant was driving his vehicle at a speed of 73 m.p.h. in a 55 m.p.h. zone. He came to this conclusion based on the reading on the laser device and his own observations. If believed, this evidence provides sufficient evidence to convict appellant under C.C.C. 2133.03. Therefore, we overrule appellant's first assignment of error.
 {¶ 11} Second, appellant argues that the trial court erred in interpreting and applying C.C.C. 2133.03. Specifically, appellant argues that the court ignored the first paragraph of that section, which refers to operation "at a speed greater or less than is reasonable or proper." He also points to C.C.C. 2133.03(B)(7), which states that the lawful speed for freeways within the city limits is 65 m.p.h., not 55 m.p.h. *Page 5 
 {¶ 12} In our view, the trial court carefully considered all portions of C.C.C. 2133.03. In addressing a city ordinance similar to the one at issue here, the Supreme Court of Ohio explained in Village of Bellvillev. Kieffaber, 114 Ohio St.3d 124, 2007-Ohio-3763, ¶ 17, quotingCleveland v. Keah (1952), 157 Ohio St. 331, paragraph one of the syllabus:
 "Where a municipal ordinance makes it prima facie unlawful for a motor vehicle to exceed a certain speed limit in a described locality, a speed greater than that specified does not establish the commission of an offense or constitute unlawful conduct per se, but establishes only a prima facie case under the ordinance. Such a provision as to speed is merely a rule of evidence raising a rebuttable presumption which may be overcome by evidence showing that in the circumstances the speed was neither excessive nor unreasonable."
 {¶ 13} Here, appellant argued that he was in a 65 m.p.h. zone, rather than a 55 m.p.h. zone. The trial court, however, believed the officer's testimony that appellant was traveling at a speed of at least 70 m.p.h., so even if it was a 65 m.p.h. zone, appellant was still above the posted limit. Appellant had the opportunity to prove that, even if his speed exceeded the posted limit, his speed was not unreasonable under the circumstances. Appellant went to great lengths to describe his good driving habits and his belief that he was driving safely when he was stopped. The trial court found, however, that it was not "reasonable and proper for you to exceed 70 miles an hour on this portion of highway." (Tr. 58.) We conclude, therefore, that the trial court properly applied and interpreted all applicable portions of C.C.C. 2133.03. Accordingly, we overrule appellant's second and fourth assignments of error. *Page 6 
 {¶ 14} Next, appellant argues that the proceedings below were unfairly prejudicial to him. Following our careful review of the record in this matter, we discern no support for appellant's contentions. The trial court treated appellant respectfully and gave considerable guidance for conducting the hearing and appealing its decision. Appellant had the opportunity to cross-examine Officer White, and he did so. Appellant also presented his own testimony and his own evidence. Following the presentation of all the evidence, the trial court explained its findings and conclusions in detail, addressing all the concerns raised by appellant. And, while appellant raises issues concerning a pre-trial plea offer, our record contains no evidence concerning the details of the offer or the manner in which it may have been made. Discerning no evidence of unfairness, bias or collusion, we reject appellant's arguments to the contrary. Accordingly, we overrule his third and seventh assignments of error.
 {¶ 15} Finally, appellant asserts that his conviction for speeding is contrary to the manifest weight of the evidence. In determining whether a verdict is against the manifest weight of the evidence, we sit as a "thirteenth juror." Thompkins at 387. Thus, we review the entire record, weigh the evidence and all reasonable inferences, and consider the credibility of witnesses. Id. Additionally, we determine "`whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" Id., quotingState v. Martin (1983), 20 Ohio App.3d 172, 175. We reverse a conviction on manifest weight grounds for only the most "`exceptional case in which the evidence weighs heavily against the conviction.'" Thompkins at 387, quoting Martin at 175. Moreover, "`it is inappropriate for a reviewing court to interfere with factual *Page 7 
findings of the trier of fact * * * unless the reviewing court finds that a reasonable juror could not find the testimony of the witness to be credible.'" State v. Brown, Franklin App. No. 02AP-11, 2002-Ohio-5345, ¶ 10, quoting State v. Long (Feb. 6, 1997), Franklin App. No. 96APA04-511.
 {¶ 16} Here, appellant argues that he was innocent of the charge. He asserts that Officer White's testimony created reasonable doubt because (1) Officer White could not remember whether he was in the passenger seat or the driver's seat when he operated the laser device, (2) the laser device does not indicate the vehicle it is recording, (3) the officer who signed the ticket did not testify, and (4) Officer White did not conduct regular enforcement in the area of the stop. In contrast to the officer's testimony, appellant testified that he was not exceeding the speed limit, that he was in a 65 m.p.h. zone, and that he was driving safely and reasonably under the circumstances.
 {¶ 17} Officer White, a 14-year veteran, testified that he visually estimated appellant's speed at 70 m.p.h. and that the laser device recorded appellant's speed at 73 m.p.h. He testified that he had tested the device that morning.
 {¶ 18} Officer White also testified about the location of the police cruiser, his method for using the laser device, and his certainty that the device had recorded the speed of appellant's vehicle and no other vehicle. The trial court was in the best position to determine Officer White's credibility.
 {¶ 19} Having reviewed the entire record, we conclude that appellant's conviction was not contrary to the weight of the evidence. Therefore, we overrule appellant's fifth and sixth assignments of error. *Page 8 
 {¶ 20} In conclusion, we overrule appellant's seven assignments of error. We affirm the judgment of the Franklin County Municipal Court.
Judgment affirmed.
KLATT and McGRATH, JJ., concur. *Page 1