[Cite as *Cleveland v. Farrell*, 2014-Ohio-1240.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100136**

# CITY OF CLEVELAND

PLAINTIFF-APPELLEE

vs.

# KELLY FARRELL

DEFENDANT-APPELLANT

**JUDGMENT:**
DISMISSED

Criminal Appeal from the
Cleveland Municipal Court
Case No. 2013 TRD 021982

**BEFORE:** Jones, P.J., Rocco, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** March 27, 2014

**ATTORNEY FOR APPELLANT**

Patrick M. Farrell
600 East Granger Road, 2nd Floor
Brooklyn Heights, Ohio 44131


**ATTORNEYS FOR APPELLEE**

Barbara A. Langhenry
Director of Law

BY: Victor R. Perez
Chief Assistant Prosecutor

Jennifer M. Kinsley
Angela R. Richardson
Assistant City Prosecutors
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., P.J.:

**{¶1}** Defendant-appellant, Kelly Farrell, appeals her speeding conviction. For the reasons that follow, we dismiss this appeal as moot.

**{¶2}** In April 2013, Farrell was issued a traffic citation for speeding and not wearing her seatbelt. She initially pled not guilty and the matter proceeded to a bench trial on June 18, 2013. The trial court found her not guilty of the seatbelt offense but convicted her of the speeding offense, in violation of Cleveland Codified Ordinances 433.03. The trial court imposed a $70 fine and costs, which Farrell paid in full on the same day.

**{¶3}** Two days after trial, Farrell filed a motion to dismiss the indictment, which the trial court denied.[1] Farrell filed a notice of appeal, indicating she was appealing the judgment of conviction from June 18, 2013, but failed to attach the journal entry that she was appealing to her notice of appeal.[2] *See* App.R. 3(D).

**{¶4}** In her appeal, Farrell raises four assignments of error challenging her conviction. *See* appendix. We are unable to reach the merit of her appeal, however, because we find that it is moot.

---

[1] We note that a motion for reconsideration of a final judgment, like the postconviction motion to dismiss that Farrell filed, is not provided for in any criminal or civil rule and is therefore considered a legal nullity. *See State v. Williams*, 11th Dist. Lake No. 2012-L-111, 2014-Ohio-65, ¶ 6.

[2] App.R. 3(D) states, in relevant part: "Content of the notice of appeal. The notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof appealed from; and shall name the court to which the appeal is taken."

**{¶5}** "'Where a defendant has voluntarily paid a fine in satisfaction of a judgment, evidence must be offered from which an inference can be drawn that he suffers some collateral disability apart from the sentence * * * in order for the defendant to have a right of appeal.'" *State v. Ledney*, 11th Dist. Trumbull Nos. 2012-T-0018, 2012-T-0020, 2012-T-0021, 2012-Ohio-5126, ¶ 8, quoting *State v. Wilson*, 41 Ohio St.2d 236, 238, 325 N.E.2d 236 (1975); *see also State v. Jackim*, 8th Dist. Cuyahoga No. 89659, 2008-Ohio-931, ¶ 7, citing *State v. Berndt*, 29 Ohio St.3d 3, 504 N.E.2d 712 (1987) (finding that when a defendant has voluntarily paid the fine or completed the sentence for that offense, "an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction."). The defendant has the burden of presenting evidence that he or she has such a "substantial stake in the judgment of conviction." *Wilson* at 237.

**{¶6}** In *Ledney*, *supra*, the appellant was issued two citations for speeding, one of the tickets also included a citation for a seatbelt violation. Ledney paid his fines, but later filed a motion to vacate his guilty pleas, arguing that his convictions made it difficult for him to find employment. The court found that because Ledney had paid his fines, completed his sentence, and showed no evidence by which the court could infer any collateral disability, his appeal was moot. *Id.* at ¶ 8.

**{¶7}** In this case, the docket shows that Farrell paid the fine and court costs assessed at the trial on June 18, 2013. Farrell has not claimed that she will suffer a

collateral legal disability or loss of civil rights if her minor misdemeanor conviction is not vacated nor that she has a substantial stake in the judgment of conviction; in fact, she has not raised this argument at all.

{¶8} Therefore, because Farrell has paid the fine and court costs associated with her speeding conviction and has failed to show any evidence by which this court could infer any collateral disability, this appeal is moot.

{¶9} Appeal dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., PRESIDING JUDGE

KENNETH A. ROCCO, J., and
PATRICIA ANN BLACKMON, J., CONCUR

Appendix - Assignments of Error

I. The trial court erred in denying defendant's motion to dismiss the charges of speeding in violation of Cleveland Codified Ordinances 433.03 when raised at the commencement of the trial after jeopardy had attached.

II.   The trial court erred in denying the defendant's Rule 29 motion for acquittal at the conclusion of the state's case.

III.   The trial court erred in denying the defendant's Rule 29 motion for acquittal at the conclusion of the case.

IV.   The trial court erred in finding the defendant guilty of the speeding violation in violation of Cleveland Codified Ordinances   433.03.