[Cite as *Cleveland v. Farrell*, 2014-Ohio-3131.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 100136

# CITY OF CLEVELAND

PLAINTIFF-APPELLEE

vs.

# KELLY FARRELL

DEFENDANT-APPELLANT

## JUDGMENT:
### AFFIRMED

Criminal Appeal from the
Cleveland Municipal Court
Case No. 2013 TRD 021982

**BEFORE:** Jones, P.J., Rocco, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** July 17, 2014

**ATTORNEY FOR APPELLANT**

Patrick M. Farrell
600 East Granger Road, 2nd Floor
Brooklyn Heights, Ohio 44131


**ATTORNEYS FOR APPELLEE**

Barbara A. Langhenry
Director of Law

BY: Victor R. Perez
        Law Department

        Jennifer M. Kinsley
        Angela R. Richardson
Assistant City Prosecutors
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

ON RECONSIDERATION[1]

LARRY A. JONES, SR., P.J.:

{¶1} Defendant-appellant, Kelly Farrell, appeals her conviction for speeding.   We affirm.

{¶2} In April 2013, Farrell was issued a traffic citation for speeding and not wearing her seatbelt.   She initially pled not guilty, and the matter proceeded to a bench trial.

{¶3} After the city presented its opening statement and called Cleveland Police Officer Cesar Herrera to the stand, Farrell's counsel asked to file a motion to dismiss the citation, arguing that the citation was insufficient to charge his client.   Counsel stated that he purposefully waited to present the motion until "jeopardy attached," so that the city could not amend the citation.   The municipal court denied the request.

{¶4} Officer Herrera testified he was "running radar on West 117th between Detroit and Franklin" on April 9, 2013, when he observed Farrell's car "traveling northbound on West 117th Street at a high rate of speed."   Officer Herrera testified that the posted speed limit was 25 m.p.h. and Farrell was driving "faster than the flow of traffic."   Officer Herrera "visually" estimated Farrell was traveling about 35 m.p.h.; his radar unit "beeped" and displayed a speed of 38 m.p.h.

{¶5} Officer Herrera initiated a traffic stop.   When he checked Farrell's driver's

[1] The original announcement of decision, *State v. Farrell*, 8th Dist. Cuyahoga No. 100136, 2014-Ohio-1240, released March 27, 2014, is hereby vacated. This opinion, issued upon reconsideration, is the court's journalized decision in this appeal. *See* App.R. 22(C); *see also* S.Ct.Prac.R. 7.01.

license, he discovered she had a June 2012 drunk driving conviction from another county. He issued Farrell a citation for violating Cleveland Codified Ordinance ("C.C.O.") 433.03, noting on the ticket that radar clocked her speed at "38 m.p.h. in 25 m.p.h. zone." He also issued her a seatbelt violation.

{¶6} Because of her prior conviction, the offense was a fourth-degree misdemeanor.

{¶7} Officer Herrera testified that he had been trained and certified to use the radar, and had checked the radar's calibration for accuracy both before and after his shift that day.

{¶8} Farrell testified on her own behalf. She testified she was wearing her seatbelt and admitted she was driving about "13 miles [per hour], I think" over the speed limit. She claimed that the cars around her were traveling the same speed.

{¶9} The trial court convicted Farrell of the speeding offense but found her not guilty of the seatbelt offense. The trial court imposed a $70 fine and costs, which Farrell paid in full on the same day.

{¶10} Two days after trial, Farrell filed a motion to dismiss the indictment, which the trial court denied.[2]

{¶11} Farrell filed a notice of appeal, indicating she was appealing the judgment of conviction from June 18, 2013, but failed to attach the journal entry that she was

---

[2]We note that a motion for reconsideration of a final judgment, like the postconviction motion to dismiss that Farrell filed, is not provided for in any criminal or civil rule and is therefore considered a legal nullity. *See State v. Williams*, 11th Dist. Lake No. 2012-L-111, 2014-Ohio-65, ¶ 6.

appealing to her notice of appeal.[3]    *See* App.R. 3(D).

{¶12} On appeal, Farrell raises four assignments of error challenging her conviction.

I.    The trial court erred in denying defendant's motion to dismiss the charges of speeding in violation of Cleveland Codified Ordinances 433.03 when raised at the commencement of the trial after jeopardy had attached.

II.    The trial court erred in denying the defendant's Rule 29 motion for acquittal at the conclusion of the state's case.

III.    The trial court erred in denying the defendant's Rule 29 motion for acquittal at the conclusion of the case.

IV.    The trial court erred in finding the defendant guilty of the speeding violation in violation of Cleveland Codified Ordinances    433.03.

{¶13} In her first assignment of error, Farrell argues that pursuant to Crim.R. 12(C)(2), the municipal court should have dismissed the case after jeopardy attached because the citation was insufficient to charge her with an offense.    We disagree.

{¶14} The Ohio Rules of Criminal Procedure are not applicable to cases covered by the Uniform Traffic Rules.    Crim.R. 1(C)(3).    "Traffic offenses need not be issued with the specificity of indictments."    *Cleveland v. Austin*, 55 Ohio App.2d 215, 220, 380 N.E.2d 1357 (8th  Dist.1978).    While a traffic citation must provide notice of the nature of the charge, that notice can be satisfied where the ticket indicates the basic facts and sets forth the ordinance at issue. *Bellville v. Kieffaber*, 114 Ohio St.3d 124, 2007-Ohio-3763, 870 N.E.2d 697, ¶ 19, citing *Austin*.

---

[3]App.R. 3(D) states, in relevant part:    "Content of the notice of appeal. The notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof appealed from; and shall name the court to which the appeal is taken."

**{¶15}** Farrell relies on *State v. Oglesby*, 6th Dist. Erie Nos. E-99-076 and E-99-077, 2000 Ohio App. LEXIS 3931 (Sept. 1, 2000), to argue that the citation was insufficient to charge her because her speeding ticket did not include a check mark for "over limits" or "unsafe for conditions." In *Oglesby*, the court found that the trial court erred by not dismissing a speeding ticket as insufficient when the ticket did not include a check mark for "over limits" or "unsafe for conditions." *Id.* at *5.

**{¶16}** The Ohio Supreme Court certified a conflict between *Oglesby* and *Bellville v. Kieffaber*, 109 Ohio St.3d 1493, 2006-Ohio-2762, 848 N.E.2d 856, on the following question:

> In a traffic law enforcement citation for "excessive speed" does the complaint fail, as a matter of law, to charge a necessary element of the offense if it does not also allege that the speed is "prima-facie" unlawful and the speed alleged is not charged as a "per se" violation of the traffic code?

*Kieffaber*, 114 Ohio St.3d 124, 2007-Ohio-3763, 870 N.E.2d 697, at ¶ 7.

**{¶17}** The Ohio Supreme Court expressly disagreed with *Oglesby*:

> [W]e hold that a citation for speeding that contains notice of the prima facie offense and the basic facts supporting that charge includes all the necessary elements of the offense even if the citation does not also allege that the speed is unreasonable for the existing conditions. The driver may rebut or negate the prima facie case with evidence that the speed was neither excessive nor unreasonable.
> *Id.* at ¶ 22.

**{¶18}** In this case, the traffic ticket sufficiently apprised Farrell of the charge against her; therefore, the trial court correctly denied her motion to dismiss.

**{¶19}** The first assignment of error is overruled.

**{¶20}** In the remaining assignments of error, Farrell argues that her conviction was

based on insufficient evidence and was against the manifest weight of the evidence. Farrell's main argument is that there was no evidence presented that her speed was unsafe or unreasonable. Again, we disagree.

{¶21} Liability for a speeding offense under C.C.O. 413.031 arises "when a vehicle is operated at a speed in excess of the limitations set forth in [C.C.O.] 433.03." As such, it is prima facie unlawful for a vehicle to exceed the posted speed limit. C.C.O. 433.03(c) and (k); *Dawson v. Cleveland*, 8th Dist. Cuyahoga No. 99964, 2014-Ohio-1636, ¶ 17.

{¶22} As in *Kieffaber,* the municipal ordinance under which Farrell was cited classified her speed as a prima facie violation. Farrell had the opportunity to rebut that prima facie evidence that her speed was neither excessive nor unreasonable in light of the circumstances; however, she was unable to do so. In fact, Farrell admitted she was speeding, traveling approximately 38 m.p.h. in a 25 m.p.h. zone. Accordingly, the city's prima facie case was not overcome, and the evidence supported the trial court's finding of guilt. *See Kieffaber,* 114 Ohio St.3d 124, 2007-Ohio-3763, 870 N.E.2d 697, at ¶ 23.

{¶23} Therefore, the second, third, and fourth assignments of error are overruled.

{¶24} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of

the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., PRESIDING JUDGE

KENNETH A. ROCCO, J., and
PATRICIA ANN BLACKMON, J., CONCUR

KEYWORDS:
#100136

Crim.R. 12( C)(2) motion to dismiss; Cleveland Codified Ordinance 433.03/speed; sufficiency; manifest weight.  The traffic ticket indicated the basic facts and set forth the ordinance at issue thereby giving appellant notice of the nature of the charge.  The trial court did not err in denying appellant's motion to dismiss the charges.  Operating a vehicle in excess of the limitations sets forth a prima facie violation, and appellant provided no evidence to overcome the state's case.  There was no error in the court's finding of guilt.