[Cite as *State v. Potter*, 2020-Ohio-733.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | | **CASE NO. 2019-A-0051** |
| - vs - | : | |
| KAYLA M. POTTER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula Municipal Court, Case No. 2018 TRD 02872.

Judgment: Affirmed.

*Michael Franklin,* Ashtabula City Solicitor, and *Lori B. Lamer*, Assistant Solicitor, Ashtabula Municipal Court, 110 West 44th Street, Ashtabula, Ohio 44004 (For Plaintiff-Appellee).

*Kayla Potter*, pro se, 5129 North Ridge Road, Ashtabula, Ohio 44004 (Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} Appellant, Kayla M. Potter, appeals her conviction for wrongful entrustment of a motor vehicle. She contests the validity of the traffic citation, the propriety of an evidentiary ruling, and the sufficiency of the evidence. We affirm.

{¶2} Appellant lived in the City of Ashtabula for at least seven years before the incident. She sometimes stayed at her parents' home, but primarily lived with her boyfriend, Orlando Lewis Bradley, at a separate residence.

{¶3} During this time, Bradley did not have a driver's license. Nonetheless, he often drove vehicles appellant owned. On numerous occasions, he was cited by the City of Ashtabula Police Department for driving while under suspension.

{¶4} On September 4, 2018, appellant spent the evening at Bradley's home. Having to work the next day, she went to bed at approximately 10:00 p.m. and did not awake until 4:00 a.m. That night, Bradley removed appellant's keys from her jacket and drove her vehicle.

{¶5} Shortly before 4:00 a.m. on September 5, Patrolman Cody Caruso observed Bradley speeding on Lake Avenue within the city limits. Before Caruso could turn around and catch up, Bradley pulled into his driveway. As Bradley was exiting the vehicle, Caruso arrived and initiated a traffic stop. Bradley told Caruso that he did not have a driver's license. Caruso confirmed this by viewing a LEADS report on the computer in his cruiser.

{¶6} While Patrolman Caruso was citing Bradley, a second patrolman, Logan Nickles, arrived to assist. At some point, appellant came outside and spoke with Patrolman Nickles and said Bradley could not be cited for driving under suspension because he has never had a driver's license.

{¶7} Upon hearing of the traffic stop over the radio, Lieutenant Rodney Blaney responded to the scene. Lieutenant Blaney recognized Bradley's name because he had stopped him multiple times in the past and cited him for driving under suspension. During one of these traffic stops, Lieutenant Blaney warned Bradley that if he was again stopped while driving appellant's vehicle, she could be charged with wrongful entrustment of a motor vehicle. Lieutenant Blaney had also warned appellant that she would be cited if she continued to allowed Bradley to drive her vehicles.

2

{¶8} At Lieutenant Blaney's instruction, Patrolman Caruso cited appellant for wrongful entrustment. The citation charges wrongful entrustment in violation of Ashtabula City Codified Ordinance 335.05 but does not state a subsection.

{¶9} Appellant moved for discovery and a bill of particulars requesting a description of the conduct supporting the charge. Discovery was provided, but the state did not submit a bill of particulars.

{¶10} The case was scheduled for a change-of-plea on March 4, 2019. The parties informed the court that no agreement had been reached and to schedule the matter for trial. In a judgment entry signed by appellant and counsel the magistrate states that appellant was charged with wrongful entrustment in violation of subsection (a)(1) of Ordinance 335.05.

{¶11} The matter was tried to the bench on May 16, 2019. The officers present at the traffic stop testified on behalf of the state, and Bradley's LEADS report was admitted over objection.

{¶12} Appellant testified that she did not give Bradley her keys on the night of the incident and did not know that he drove her vehicle until after the traffic stop. During cross-examination, she admitted that she knew Bradley did not have valid driver's license and previously had been told that she should not permit him to drive her vehicle.

{¶13} The trial court found appellant guilty of wrongful entrustment, fined her $250, ordered her to perform 24 hours of community service, and to pay court costs.

{¶14} Appellant appeals, raising three assignments of error:

{¶15} "[1.] The trial court erred in allowing the prosecution, mid-trial, to obtain, disclose to the defendant, and submit into the record inadmissible LEADS information of

3

a person other than the defendant.

{¶16} "[2.] The trial court erred in failing to grant the defendant's Criminal Rule 29 motion based upon the insufficiency of the evidence presented.

{¶17} "[3.] The trial court erred as a matter of law by constructively amending the original traffic complaint from one that failed to charge an offense to one charging wrongful entrustment under Ashtabula Traffic Code 335.05(a)(1)."

{¶18} Under her first assignment, appellant asserts the LEADS report was inadmissible.

{¶19} Appellant objected to admission on the grounds that it was not certified or provided in discovery. On appeal appellant argues inadmissibility based on hearsay and a statutory prohibition. Neither was raised at trial.

{¶20} A party is not permitted to assert new legal theories on appeal for the first time. *Mulqueeny v. Mentor Chiropractic Center*, 11th Dist. Lake No. 2001-L-034, 2002 WL 549969, *2 (Apr. 12, 2002). "Generally, the failure to raise an issue or argument at the trial court level that is apparent at the time of trial constitutes a waiver of such issue." *State v. Sawyer*, 11th Dist. Portage No. 2011-P-0003, 2012-Ohio-5119, ¶ 6.

{¶21} Alternatively, the LEADS report established that Bradley lacked a driver's license for many years. Appellant admitted on cross-examination that she knew Bradley lacked a valid license. Admission was therefore harmless. Appellant's first assignment lacks merit.

{¶22} Under her next assignment, appellant argues her conviction is not supported with sufficient evidence because the state failed to present evidence that she gave Bradley express permission to drive her vehicle on the night of the incident.

4

{¶23} "An appellate court reviewing the sufficiency of the evidence in a criminal matter examines the evidence admitted at trial and determines whether, after viewing the evidence in a light most favorable to the state, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 273, 574 N.E.2d 492 (1991). 'On review for sufficiency, courts are to assess not whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction.' *State v. Thompkins*, 78 Ohio St.3d 380. 390, 678 N.E.2d 541 (1997) (Cook, J., concurring). Whether the evidence is legally sufficient to sustain a verdict is a question of law that we review de novo. *Id.* at 386, 678 N.E.2d 541." *State v. Macko*, 11th Dist. Lake No. 2016-L-022, 2017-Ohio-253, ¶ 28.

{¶24} Ashtabula City Codified Ordinance 335.05(a)(1) provides:

{¶25} "(a) No person shall permit a motor vehicle owned by the person or under the person's control to be driven by another if any of the following apply:

{¶26} "(1) The offender knows or has reasonable cause to believe that the other person does not have a valid driver's or commercial driver's license or permit or valid nonresident driving privileges."

{¶27} In *State v. Finfrock*, 196 Ohio App.3d 249, 2011-Ohio-3862, 963 N.E.2d 177 (2d Dist.), the defendant's adult son continued to drive his mother's car while his license was suspended following an accident. After he was again involved in a high-speed chase with local police officers while driving his mother's car, she was cited for wrongful entrustment under R.C. 4511.203(A)(1) & (2). This statute is identical to Ashtabula City Codified Ordinance 335.05(a)(1).

5

{¶28} In appealing her conviction for wrongful entrustment, she argued that the state failed to present any evidence that she permitted her son to drive her car. In affirming the conviction, *Finfrock* referenced Black's Law Dictionary's definition of "permit" as including both an affirmative act or omission; i.e., the act of permitting another do something can occur through acquiescence. *Id.* at ¶ 22, quoting Black's Law Dictionary (5 Ed.Rev.1979) 1026. The court then stated:

{¶29} "We disagree that Finfrock must have committed an overt, affirmative act of consent. The definition of 'permit' and the case law relied upon by Finfrock stress that a defendant can be culpable through omission, or by failing to prevent the doing of an act. In the case before us, Finfrock was well aware that [her son] had improperly driven her car on a number of occasions. Finfrock had also been warned by the police not to allow this to happen. Yet despite this knowledge and awareness of the danger that [her son's] driving could pose, Finfrock left her keys on the table where [her son] could easily retrieve them and drive the car. Her excuse was that she was tired and had other things on her mind.

{¶30} "This conduct fits within the concept, noted by the trial court, that Finfrock should have been aware of her actions and the consequences of those actions. * * * The trial court noted that Finfrock had acted irresponsibly by allowing a dangerous situation to be created when she left her keys in a place where they could easily have been used. * * *.

{¶31} "* * *

{¶32} "Essentially, the trial court inferred from Finfrock's repeated failures to prevent her son from driving her car that she had given her implicit permission to drive it.

We conclude that this was a reasonable inference for the trial court, as the finder of fact, to draw from the evidence in this record. Accordingly, the judgment of conviction is based on legally sufficient evidence." (Citation omitted). *Id.* at ¶ 27-30.

{¶33} *Finfrock* is both persuasive and applicable. Here, there is no dispute that Bradley drove appellant's vehicle on many occasions during a multi-year period. Similarly, Lieutenant Blaney had previously warned appellant that she could face charges if she continued to allow Bradley to drive her vehicle. In addition, appellant testified that on the evening of the incident, she left her keys in her coat pocket, thereby giving Bradley easy access to them while she was asleep.

{¶34} As a separate argument, appellant asserts that her conviction must be reversed because the state did not prove that she and Bradley lived in the same household. Although cohabitation is not an element of wrongful entrustment under Ashtabula City Codified Ordinance 335.05(a)(1), appellant notes that under subsection (b)(1), if the accused and the driver of the vehicle reside in the same household, this is prima facie evidence that the accused knows the driver does not have a valid driver's license. Appellant appears to argue that her conviction relies on subsection (b)(1).

{¶35} However, Patrolman Nickles testified that appellant stated in front of him that "she knew that Bradley had never had a driver's license." This demonstrates that appellant knew Bradley lacked a valid driver's license and her conviction is not reliant upon City Ordinance 335.05(b)(1).

{¶36} Last, appellant maintains that the state's evidence was insufficient because the three police officers gave confusing testimony as to the nature of Bradley's prior traffic convictions. She claims that it is inconsistent for Bradley to have nine "driving while under

a suspension" convictions on his record when he has not had a valid driver's license the entire time. Regardless of the nature of Bradley's prior convictions, the state presented undisputed evidence that he did not have a valid license for a sustained period and notwithstanding her knowledge, appellant continued to allow him to drive her vehicle.

{¶37} Because appellant's conviction is supported by sufficient evidence, the trial court did not err in overruling her motion for acquittal, and her second assignment lacks merit.

{¶38} Under her last assignment, appellant contends that the traffic citation fails to charge her with an offense because it does not state which subsection of Ordinance 335.05 she violated. She further contends that when the trial court subsequently found her guilty under 335.05(a)(1), the court improperly amended the citation without giving her adequate notice.

{¶39} "A traffic ticket that complies with Traf.R. 3 standards will serve as the complaint and summons for a traffic violation. In *Cleveland v. Austin* (1978), 55 Ohio App.2d 215, 220, 380 N.E.2d 1357, the court stated that '(* * *) the ticket need not contain every element of the offense in its description. It will satisfy legal requirements if it apprises the defendant of the nature of the charge (t)ogether with a citation of the statute or ordinance involved.'

{¶40} "The traffic ticket in *Austin* was sufficient even though it charged the defendant with fleeing a police officer, in violation of R.C. 4511.02, without stating the element of willfulness. Moreover, an instrument charging a minor offense will not be judged as strictly as one charging a major offense, and the focus of inquiry is whether the defendant had notice of the nature and cause of the accusation. *Youngstown v. Starks*

8

(1982), 4 Ohio App.3d 269, 271, 448 N.E.2d 480, citing *Strongsville v. McPhee* (1944), 142 Ohio St. 534, 538, 53 N.E.2d 522." *City of Niles v. Yeager*, 11th Dist. Trumbull No. 2004-T-0004, 2004-Ohio-6698, ¶ 16-17.

{¶41} In *Yeager*, the traffic citation stated that the accused had violated Niles City Codified Ordinance 331.08 but did not state the subsection. Despite this, we found the citation adequate since it gave Yeager notice of the nature and cause of the accusation and did not mislead him in preparing his defense. *Id.* at ¶ 18.

{¶42} Here, the citation states both the name of the charged offense, wrongful entrustment, and the city ordinance, 335.05, violated. The citation is valid and adequately informed appellant of the nature of the charges.

{¶43} Moreover, on March 4, 2019, more than two months before trial, a final pre-trial hearing was held before a court magistrate. Afterward, the magistrate issued a judgment entry that was signed by appellant and counsel stating that appellant is charged with wrongful entrustment under Codified Ordinance 335.05(a)(1).

{¶44} Seventy days is clearly ample time for appellant to prepare her defense to the charged offense. Furthermore, as noted, subsection (a)(1) prohibits permitting another to use a motor vehicle when that person knows the other individual does not possess a valid driver's license. Given that the state presented undisputed evidence that appellant knew Bradley did not have a valid license, her conviction is for the offense of which she was given notice on March 4, 2019. Appellant's third assignment also lacks merit.

{¶45} The judgment of the Ashtabula Municipal Court is affirmed.

9

TIMOTHY P. CANNON, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.